NO. 07-08-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2010
_____

HORACE LEE ROGERS A/K/A HORACE LEE HOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 997H; HONORABLE RON ENNS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Horace Lee Rogers a/k/a Horace Lee Hood, was convicted of burglary of a habitation,[1] enhanced by two prior felony convictions. Appellant was sentenced to serve a term of 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). By three issues, appellant contests the trial court's judgment. We affirm.

_____

[1]See TEX. PENAL CODE ANN. § 30.02(a) (Vernon 2003).

## Factual and Procedural Background

Appellant does not contest the legal or factual sufficiency of the evidence, therefore, we will only address so much of the record as is necessary for our determination of the issues presented.

After appellant had been arrested and indicted for the offense of burglary of a habitation, his trial counsel filed a motion suggesting incompetency and requesting that appellant be examined by an expert to determine if appellant was competent to stand trial. The trial court entered two orders that appellant be examined by an expert. The examination directed in the first order was not completed as ordered, therefore, the trial court entered a second order for examination of appellant. The second order was issued on February 18, 2008, and instructed that Dr. Steven Schneider examine appellant to determine if appellant was incompetent to stand trial, as provided by Article 46B of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. ch. 46B (Vernon 2006).[2] The trial court's order further instructed Dr. Schneider to submit a written report to the court not later than 30 days from the date of the order. Dr. Schneider's report is not contained within the record of this trial, however, Dr. Schneider testified at appellant's trial that, in his opinion, appellant was competent to stand trial.

During appellant's trial, there were several instances of appellant interrupting the proceedings with profanity-laced tirades. The first occurred during the reading of the

---

[2] Further reference to the Texas Code of Criminal Procedure will be by reference to "Ch. ___," "Art. ___," or "art. ___."

indictment. Again, during the State's opening statement, appellant interrupted the proceeding attempting to object to "hearsay" comments by the State's attorney and stated that he wished to represent himself. At this point, the trial judge removed the jury from the jury box and discussed the matter of self-representation with the appellant. The trial court concluded by telling appellant that he could not in good conscience allow appellant to represent himself. Continuing with the jury out of the courtroom, appellant then attempted to change his plea to one of guilty. At this point, trial counsel advised the court that it would not be in appellant's best interest to enter a plea of guilty. Trial counsel then outlined some of the difficulty he had trying to represent appellant, including being asked to do things that trial counsel stated were impossible and to investigate matters that ended up being fruitless and a wild goose chase. Based upon this, trial counsel then requested the court continue the matter and order another examination of appellant regarding his competency to stand trial. The trial court denied the request and trial proceeded.

Appellant's conduct during the balance of the State's presentation of evidence appears from the record to be satisfactory, as there were no more outbursts. After the State closed its presentation of evidence, appellant called Dr. Schneider to the stand. Dr. Schneider testified that appellant was competent to stand trial and explained to the jury what that finding meant. Dr. Schneider further testified that appellant was diagnosed with "schizophrenia, paranoid type." As a result of this illness, appellant did have episodes of delusion. Finally, Dr. Schneider testified that appellant tested in the borderline range of intellectual ability, meaning that appellant's scores were above those that would be

3

deemed to indicate mental retardation. Dr. Schneider's testimony is reflected in 36 pages of the reporter's record of the trial.

After the jury had found appellant guilty of the primary offense and heard the evidence regarding punishment, there was another outburst of profanity aimed at the State's attorney. After the State finished final arguments and as appellant's counsel was beginning, appellant interrupted the proceedings again with a profanity-laced outburst. At this time, the trial court had the jury removed to the jury room, however, appellant continued his tirade and eventually the judge had appellant removed from the courtroom and taken into the judge's chambers by the courtroom deputies. Appellant's trial counsel moved for a mistrial and the court denied the request. After about 10 minutes, appellant was returned to the courtroom and entered into a discussion with the trial judge about appellant's grievances. Appellant was concerned about getting copies of certain documents his counsel possessed. The trial court ordered that appellant be given the documents and appellant then agreed that he would not interrupt the proceedings again. The record reflects that trial counsel finished his closing arguments and there were no more disturbances.

The jury found that the enhancement paragraphs of the indictment were true and sentenced appellant to confinement for 35 years in the ID-TDCJ. Appellant appeals the judgment of conviction contending that the trial court: 1) failed to follow the procedures of the law to determine appellant's competency to stand trial; 2) abused its discretion in denying appellant's trial request to be examined; and 3) abused its discretion in denying appellant's motion for a mistrial. Disagreeing with appellant's contentions, we affirm.

Competency

Appellant's first two issues deal with the question of the competency of appellant to stand trial. By his first issue, appellant contends that the trial court did not follow the procedures for determining the competency of appellant as outlined in Chapter 46B of the Texas Code of Criminal Procedure. See Ch. 46B. In his second issue, appellant contends that the trial court abused its discretion by denying appellant's request at trial to be examined by an expert to determine whether or not appellant was competent to stand trial. In reviewing appellant's second contention, it is unclear whether or not he contends that the trial court failed to grant an examination, as a preliminary matter to determining whether or not appellant was competent, or failed to hold a separate jury hearing to determine appellant's competency. We will address both contentions.

We begin with the standard of review. A trial court's decision to deny a request for a competency examination is governed by an abuse of discretion standard of review. See Bigby v. State, 892 S.W.2d 864, 885 (Tex.Crim.App. 1994). Likewise, the decision of a trial court to deny a competency hearing is also reviewed pursuant to an abuse of discretion standard. See Moore v. State, 999 S.W.2d 385, 393 (Tex.Crim.App. 1999). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. See Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005).

A criminal defendant is presumed to be competent. See art. 46B.003(b). Additionally, the statute provides:

(a) A person is incompetent to stand trial if the person does not have:

5

> (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or
>
> (2) a rational as well as factual understanding of the proceedings against him.

See art. 46B.003(a). The statute further provides that either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. See art. 46B.004(a). If the trial court has a bona fide doubt about the competency of the defendant, it shall conduct an informal inquiry to determine if there is evidence that would support a finding of incompetency. See Montoya v. State, 291 S.W.3d 420, 425 (Tex.Crim.App. 2009).

When we apply the above principles to the fact situation presented here, we are able to see that the trial court was furnished a motion by trial counsel suggesting that appellant was incompetent. Based upon this motion, the trial court concluded its informal review of the issue by ordering that appellant be examined by an expert. This is reflected in the orders found in the clerk's record. The examination of appellant was concluded and the expert reported that, although appellant had some mental illness, he was, in fact, competent to stand trial. The examining psychologist, Dr. Schneider, so testified during the trial of appellant. Dr. Schneider's testimony at trial reflects that appellant was able to understand the nature of the charges against him and was able to communicate with his attorney about those charges. However, appellant seems to contend that, based upon the profanity-laced tirades of appellant at the time of trial, the court should have acceded to trial counsel's request to again have appellant examined. As pointed out by the Texas Court of Criminal Appeals, if unruly and disruptive courtroom demeanor is probative of

incompetence to stand trial, "one could effectively avoid criminal justice through immature behavior." See Moore, 999 S.W.2d at 395. Even if we could agree with appellant regarding that issue, that is not the standard by which we must determine whether the trial court's action in denying the request was an abuse of discretion. See State v. Herndon, 215 S.W.3d 901, 907-08 (Tex.Crim.App. 2007) (holding that it "is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.") In the case presented to this court, the trial court's actions were not an abuse of discretion.

If appellant's contention was that the trial court abused its discretion by not empaneling a jury to determine appellant's competency, we are faced with a record that demonstrates that appellant had been found to be competent by an expert. While the outbursts of appellant did, in fact, go well beyond civility, they were not such as to suggest that the trial court abused its discretion by ordering the trial to continue. In the final analysis, appellant's conduct did nothing to counter the opinion of the examining psychologist. Accordingly, the trial court did not abuse its discretion in continuing the trial. Moore, 999 S.W.2d at 393.

Because we have determined that the trial court's actions followed the statutory scheme of the Texas Code of Criminal Procedure and that the actions of the trial court were not an abuse of discretion, we overrule appellant's first two contentions.

7

## Motion for Mistrial

By his third issue, appellant contends that the trial court abused its discretion by not granting the motion for mistrial urged, after appellant's outburst in front of the jury, during the punishment hearing. At the conclusion of the State's opening argument of the punishment phase, appellant attempted to interrupt the State's attorney. After that was unsuccessful, appellant continued a profanity-laced statement directed at his own counsel. After appellant made about three profane statements directed at his counsel, counsel asked that the jury be excused. The trial court promptly requested the jury to go to the jury room and trial counsel attempted to calm down appellant. After about four more statements from appellant, the trial court had appellant taken from the courtroom. At this time, trial counsel moved for a mistrial. The trial court overruled the motion and had appellant brought back to the courtroom after a 10 minute recess. Upon returning to the courtroom, the trial court visited with appellant about the reason for the outburst and determined that appellant was upset because he wanted copies of some documents that were on counsel's table. When he was assured he would get the copies he requested, appellant stated he would be quiet during the balance of the argument. The record reflects he was quiet during the balance of the case.

A mistrial is an extreme remedy that is reserved for a very narrow classification of circumstances involving highly prejudicial and incurable errors. See Ocon v. State, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). A mistrial is used to halt proceedings when the error involved makes the expenditure of further time and expense wasteful and futile. Id. The decision to grant a mistrial is governed by the particular facts of the case. Id. A trial

8

court's decision to deny a motion for mistrial is reviewed under an abuse of discretion standard. Id. The denial of the motion for mistrial must be upheld if it was within the zone of reasonable disagreement. Id.

Our review of the record does not lead to the conclusion that the trial court abused its discretion in denying the motion for mistrial. When we review the action of the trial court, we note that the total duration of appellant's outburst in front of the jury took less than 20 lines of the reporter's record. Further, after appellant was furnished the copies he requested, appellant did not have any further outbursts. Appellant was indicted for burglary of a habitation and there were no allegations that appellant had been personally violent with anyone involved. Under these circumstances, we do not find that the denial of the motion for mistrial denied appellant a fair trial. This is not the type of circumstance that should lead a trial court to conclude that finishing the trial would be a wasteful and futile effort. Id. Accordingly, appellant's issue regarding the denial of the motion for mistrial is overruled.

Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

9