02-11-158-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00158-CR

 

 


 
 
 William Rivers Deas
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 30th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Upon
his plea of guilty, a jury convicted Appellant William Rivers Deas of
intoxication manslaughter with a deadly weapon.  The jury assessed his
punishment at eight years’ confinement and a $10,000 fine.  The trial court
sentenced him accordingly.  Appellant brings two issues on appeal, arguing (1)
that the deadly weapon finding should be deleted from the judgment because
neither the trial court nor the jury made an affirmative finding that he used
or exhibited a deadly weapon during the commission of the offense, and the
evidence submitted to support his guilty plea was insufficient to support the
deadly weapon finding; and (2) that the trial court abused its discretion when
it admitted certain State’s exhibits over Appellant’s objection.  Because the
trial court committed no reversible error and because the evidence was
sufficient to support the deadly weapon finding, we affirm the trial court’s
judgment.

Background
Facts

Appellant
struck a Time Warner Cable work truck with his Isuzu Rodeo in the early morning
hours of February 10, 2010.  Kevin Becker, a Time Warner employee, was working
in the elevated bucket attached to the truck at the time of the collision.  Becker
was thrown from the bucket and killed.  Blood tests showed that Appellant had a
blood alcohol concentration of 0.2.

Appellant
was charged with one count of intoxication manslaughter, and the count contained
a deadly weapon allegation.  At trial, the prosecutor read the entire
indictment, the trial court asked Appellant how he pled, and Appellant stated,
in the presence of the jury, “Guilty, Your Honor.”  The trial court’s charge
instructed the jury to find Appellant “guilty as charged” of intoxication
manslaughter.

Deadly
Weapon Finding

In
his first issue, Appellant challenges the deadly weapon finding.  He argues
that, although the jury charge contained a definition of the term “deadly
weapon,” the verdict forms did not ask the jury to make an affirmative finding
on the deadly weapon issue.  Appellant also argues that the State must submit
sufficient evidence to encompass every essential element of the alleged
offense.  He points out that the State did not submit sufficient evidence of
guilt, nor did he offer a judicial confession encompassing the elements of the
offense.

It
is well-established that in a felony case, a plea of guilty before the jury
admits the existence of all necessary elements to establish guilt.[2]  In the case now
before this court, Appellant entered his plea of guilty before the jury to the
allegations in the entire indictment, including the allegation that the vehicle
with which he caused the death of Becker was a deadly weapon.  The trial court
instructed the jury to find Appellant “guilty as charged of Intoxication
Manslaughter in the indictment . . . .”  The presiding
juror signed the verdict form that provided, “We, the jury, find [Appellant] guilty
of the felony offense of Intoxication Manslaughter with a Deadly Weapon as
alleged in the indictment . . . .”  We therefore hold the
evidence sufficient to support Appellant’s conviction and the deadly weapon
allegation.  We further hold that the jury specifically entered a deadly weapon
finding.  We overrule Appellant’s first issue.

Admissibility
of Photographs

In
his second issue, Appellant argues that five photographs admitted as State’s
exhibits 11, 32, 33, 34, and 35 respectively were unduly prejudicial and that
the trial court abused its discretion by admitting them during the punishment
phase because their prejudicial effect substantially outweighed any probative
value.[3]  To the extent that
Appellant complains that any of the challenged exhibits were not relevant, he
did not raise that contention below and it is therefore forfeited.[4]

To
be admissible during the punishment phase of the trial, the evidence presented
must be helpful to the jury.[5] 
As the Texas Court of Criminal Appeals has explained,

Rule 403 requires
that a photograph have some probative value and that its probative value not be
substantially outweighed by its inflammatory nature.  A court may consider many
factors in determining whether the probative value of photographs is
substantially outweighed by the danger of unfair prejudice.  These factors
include:  the number of exhibits offered, their gruesomeness, their detail,
their size, whether they are in color or black-and-white, whether they are
close-up, whether the body depicted is clothed or naked, the availability of
other means of proof, and other circumstances unique to the individual case.  The
admissibility of photographs over an objection is within the sound discretion
of the trial judge.[6]

A
trial court abuses its discretion when its decision is arbitrary or
unreasonable.[7]

The challenged
photographs depict Becker’s body or a portion of his body at the scene of the
collision.  And the photographs are disturbing.  But as the Texas Court of
Criminal Appeals has stated, even gruesome photographs that merely depict the
gruesomeness of the crime scene are not necessarily so inflammatory that the
prejudicial effect substantially outweighs the probative value.[8]  The photographs show the
violence of the impact and the injuries to Becker.  We therefore hold that the
trial court could have properly determined that their prejudicial effect does
not substantially outweigh their probative value.  Consequently, we further hold
that the trial court did not abuse its discretion by admitting the exhibits
over Appellant’s objection.  We overrule his second issue.

Conclusion

Having
overruled Appellant’s two issues, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 15, 2012









[1]See Tex. R. App. P. 47.4.





[2]Holland v. State,
761 S.W.2d 307, 312 (Tex. Crim. App. 1988), cert.
denied, 489 U.S. 1091 (1989).





[3]See Tex. R. Evid. 403.





[4]See Tex. R. App. P.
33.1(a); Wilson v. State, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010)
(op. on reh’g); Lovill v. State, 319 S.W.3d 687, 691–92 (Tex. Crim. App.
2009); Ford v. State, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).





[5]Erazo v. State, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004).





[6]Williams v. State, 301
S.W.3d 675, 690 (Tex. Crim. App. 2009) (citations omitted).





[7]Montoya v. State,
291 S.W.3d 420, 426 (Tex. Crim. App. 2009).





[8]Long v. State, 823 S.W.2d 259, 273 (Tex. Crim. App. 1991), cert. denied,
505 U.S. 1224 (1992).