

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00158-CR

WILLIAM RIVERS DEAS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty, a jury convicted Appellant William Rivers Deas of intoxication manslaughter with a deadly weapon. The jury assessed his punishment at eight years' confinement and a $10,000 fine. The trial court sentenced him accordingly. Appellant brings two issues on appeal, arguing (1) that the deadly weapon finding should be deleted from the judgment because neither the trial court nor the jury made an affirmative finding that he used or

---

[1]*See* Tex. R. App. P. 47.4.

exhibited a deadly weapon during the commission of the offense, and the evidence submitted to support his guilty plea was insufficient to support the deadly weapon finding; and (2) that the trial court abused its discretion when it admitted certain State's exhibits over Appellant's objection. Because the trial court committed no reversible error and because the evidence was sufficient to support the deadly weapon finding, we affirm the trial court's judgment.

**Background Facts**

Appellant struck a Time Warner Cable work truck with his Isuzu Rodeo in the early morning hours of February 10, 2010. Kevin Becker, a Time Warner employee, was working in the elevated bucket attached to the truck at the time of the collision. Becker was thrown from the bucket and killed. Blood tests showed that Appellant had a blood alcohol concentration of 0.2.

Appellant was charged with one count of intoxication manslaughter, and the count contained a deadly weapon allegation. At trial, the prosecutor read the entire indictment, the trial court asked Appellant how he pled, and Appellant stated, in the presence of the jury, "Guilty, Your Honor." The trial court's charge instructed the jury to find Appellant "guilty as charged" of intoxication manslaughter.

**Deadly Weapon Finding**

In his first issue, Appellant challenges the deadly weapon finding. He argues that, although the jury charge contained a definition of the term "deadly weapon," the verdict forms did not ask the jury to make an affirmative finding on

2

the deadly weapon issue. Appellant also argues that the State must submit sufficient evidence to encompass every essential element of the alleged offense. He points out that the State did not submit sufficient evidence of guilt, nor did he offer a judicial confession encompassing the elements of the offense.

It is well-established that in a felony case, a plea of guilty before the jury admits the existence of all necessary elements to establish guilt.[2] In the case now before this court, Appellant entered his plea of guilty before the jury to the allegations in the entire indictment, including the allegation that the vehicle with which he caused the death of Becker was a deadly weapon. The trial court instructed the jury to find Appellant "guilty as charged of Intoxication Manslaughter in the indictment . . . ." The presiding juror signed the verdict form that provided, "We, the jury, find [Appellant] guilty of the felony offense of Intoxication Manslaughter with a Deadly Weapon as alleged in the indictment . . . ." We therefore hold the evidence sufficient to support Appellant's conviction and the deadly weapon allegation. We further hold that the jury specifically entered a deadly weapon finding. We overrule Appellant's first issue.

**Admissibility of Photographs**

In his second issue, Appellant argues that five photographs admitted as State's exhibits 11, 32, 33, 34, and 35 respectively were unduly prejudicial and that the trial court abused its discretion by admitting them during the punishment

---

[2]*Holland v. State*, 761 S.W.2d 307, 312 (Tex. Crim. App. 1988), *cert. denied*, 489 U.S. 1091 (1989).

3

phase because their prejudicial effect substantially outweighed any probative value.[3] To the extent that Appellant complains that any of the challenged exhibits were not relevant, he did not raise that contention below and it is therefore forfeited.[4]

To be admissible during the punishment phase of the trial, the evidence presented must be helpful to the jury.[5] As the Texas Court of Criminal Appeals has explained,

> Rule 403 requires that a photograph have some probative value and that its probative value not be substantially outweighed by its inflammatory nature. A court may consider many factors in determining whether the probative value of photographs is substantially outweighed by the danger of unfair prejudice. These factors include: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black-and-white, whether they are close-up, whether the body depicted is clothed or naked, the availability of other means of proof, and other circumstances unique to the individual case. The admissibility of photographs over an objection is within the sound discretion of the trial judge.[6]

A trial court abuses its discretion when its decision is arbitrary or unreasonable.[7]

---

[3] *See* Tex. R. Evid. 403.

[4] *See* Tex. R. App. P. 33.1(a); *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (op. on reh'g); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

[5] *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004).

[6] *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009) (citations omitted).

[7] *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

4

The challenged photographs depict Becker's body or a portion of his body at the scene of the collision. And the photographs are disturbing. But as the Texas Court of Criminal Appeals has stated, even gruesome photographs that merely depict the gruesomeness of the crime scene are not necessarily so inflammatory that the prejudicial effect substantially outweighs the probative value.[8] The photographs show the violence of the impact and the injuries to Becker. We therefore hold that the trial court could have properly determined that their prejudicial effect does not substantially outweigh their probative value. Consequently, we further hold that the trial court did not abuse its discretion by admitting the exhibits over Appellant's objection. We overrule his second issue.

**Conclusion**

Having overruled Appellant's two issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 15, 2012

---

[8]*Long v. State*, 823 S.W.2d 259, 273 (Tex. Crim. App. 1991), *cert. denied*, 505 U.S. 1224 (1992).

5