# NO. 12-12-00117-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY WATTS,*<br>*APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Anthony Watts appeals his conviction for two counts of injury to a child. In three issues, Appellant argues that the trial court erred in imposing a sentence without evaluating his competency to stand trial and that counsel was ineffective for denying him his right to testify. We affirm.

### BACKGROUND

Appellant pleaded guilty to injuring his son. Although he gave several versions of how it occurred, Appellant accepted responsibility for burns his child suffered from hot water that affected nearly seventy percent of the child's body. The child was hospitalized for approximately a month in a hospital in Dallas, although he had made a remarkable recovery by the time of Appellant's guilty plea.

Prior to his plea, Appellant had been evaluated for his competency to stand trial. In January 2011, Dr. James A. Buckingham determined that Appellant was incompetent to stand trial. Dr. Buckingham noted that medication appears to help Appellant and that he had reason to believe Appellant could "regain competency."

The trial court found Appellant to be incompetent, and he was admitted to the North Texas State Hospital. During his stay, the doctors prescribed medications for Appellant. In April 2011, Dr. Angela Hatcher evaluated Appellant, and she determined that he was competent to stand trial. In March 2012, Appellant pleaded guilty. The trial court found him to be competent, found him guilty, and assessed a sentence of imprisonment for thirty-five years. This appeal followed.

## INQUIRY INTO COMPETENCY

In his first and second issues, Appellant argues that the trial court should have conducted an informal inquiry into his competency and, alternately, that the trial court should have stayed the proceedings and appointed an expert to examine him.

### Applicable Law

A person is not competent to stand trial if the person lacks the "sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006). A defendant in a criminal case is presumed to be competent to stand trial. *See id*. at 46B.003(b). If there is a suggestion that the defendant may be incompetent to stand trial, the trial court "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2012); *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). If the trial court determines that evidence exists to support a finding of incompetency, the court is required to order an examination of the defendant, and the court may hold a trial on the issue of incompetency. TEX. CODE CRIM. PROC. ANN. art. 46B.005 (a), (b) (West 2006).

### Analysis

In his first issue, Appellant argues that the trial court erred because it did not conduct an informal inquiry into the issue of his competence to stand trial. Alternately, in his second issue, Appellant argues that there was sufficient evidence to find him incompetent and that the trial court erred by not making such a finding.

We review a trial court's conduct with respect to an informal inquiry for an abuse of discretion. *Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008). As Appellant points

2

out, there was evidence in the record regarding his competency. Most importantly, he had been found to be incompetent in the recent past.[1] The trial court judge appeared to be aware of this issue and, prior to accepting Appellant's guilty plea, the judge asked Appellant if he understood the proceedings. Appellant indicated that he had difficulty reading but that he understood the proceedings and wished to plead guilty. Appellant had two attorneys representing him. The trial court asked the attorneys if they had any reason to believe that Appellant was not "presently competent." Both attorneys indicated that they had no reason to believe Appellant was not competent.

Considering the entire record, we hold that the trial court did not abuse its discretion by not making additional inquiry regarding Appellant's competence to stand trial. The trial court was entitled to rely on the report of the expert concluding that Appellant was competent to stand trial. The court asked several questions of Appellant and asked counsel if Appellant appeared to be competent. Having been assured that competence was not an issue, the trial court reasonably relied upon the presumption of competence and the affirmative statement by the expert who examined Appellant and found him to be competent. We overrule Appellant's first issue.

In his second issue, Appellant asserts that the trial court erred in accepting his plea and going forward because there was "some evidence" that he was incompetent and that the trial court should have stayed the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(d) (West Supp. 2012). For the reasons stated with respect to Appellant's first issue, we disagree.

The trial court knew that Appellant had been found to be incompetent in the past and that he had mental health issues. But the trial court was also aware that Appellant had been found to be competent and there was no additional suggestion that the most recent determination, that Appellant was competent, was inaccurate. In fact, Appellant's attorneys stated that they thought he was competent.

A trial court cannot accept a plea of guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West

---

[1] It appears that the proceedings were stayed when Appellant was found to be incompetent. The records documenting any stay are not in the appellate record of this case. It also appears that this case represents a subsequent indictment for this offense. The competency evaluations were done in January 2011 and April 2011, and the indictment for this case was not returned until October 2011. The two reports addressing Appellant's competence to stand trial are in the appellate record of this case.

Supp. 2012); *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). The trial court found Appellant to be competent. That finding is reasonable and is supported by the record. We overrule Appellant's second issue.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, Appellant argues that trial counsel was constitutionally deficient because he deprived Appellant of his opportunity to testify.

A defendant in a criminal case is entitled to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 2063, 80 L. Ed. 674 (1984) ("An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair."). Our analysis of a deprivation of the right to testify by defense counsel claim is similar to our analysis of an ineffective assistance of counsel claim so long as the trial court has not acted to prevent a defendant from testifying. *See Johnson v. State*, 169 S.W.3d 223, 228 (Tex. Crim. App. 2005).

In this case, we cannot analyze Appellant's claim that counsel prevented him from testifying because the record does not support Appellant's claim. Appellant did not testify at his guilty plea hearing or at the sentencing hearing. As factual support for his claim that his attorney prevented him from testifying, Appellant directs us to an affidavit he attached to his motion for a new trial. In that affidavit, Appellant states that he told his attorney he wished to testify and that his attorney told him not to testify. There was no hearing on the motion for new trial, and the affidavit was never offered into evidence.

An affidavit attached to a motion for new trial is not evidence itself, and it must be introduced at a hearing held on the motion to be considered. *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009) (error for court of appeals to rely on allegation made in post-trial motion that was not offered into evidence at a hearing); *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (orig. op.) (even affidavit that established entitlement to a new trial must be introduced at a hearing); *Stephenson v. State*, 494 S.W.2d 900, 909-910 (Tex. Crim. App. 1973). Because Appellant's affidavit was never admitted into the record as evidence, there is no factual support for the contention that his attorney prevented him from testifying. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

## BRIAN HOYLE
Justice

Opinion delivered May 15, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MAY 15, 2013**

**NO. 12-12-00117-CR**

**ANTHONY WATTS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 420th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. F1118854)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 420TH DISTRICT COURT of NACOGDOCHES COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 15th day of May, 2013, the cause upon appeal to revise or reverse your judgment between

**ANTHONY WATTS, Appellant**

**NO. 12-12-00117-CR; Trial Court No. F1118854**

Opinion by Brian Hoyle, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201\_\_\_\_.

CATHY S. LUSK, CLERK

By:_____
        Deputy Clerk

7