

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00116-CR

**TW LEE NELSON,**

                                                         **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                         **Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 10-04059-CRF-272

## MEMORANDUM OPINION

T.W. Lee Nelson pleaded guilty to the offense of possession of a controlled substance. The trial court convicted Nelson and assessed his punishment at confinement for ten years and a $500 fine. The trial court suspended imposition of the sentence and placed Nelson on community supervision for five years. The State filed a motion to revoke Nelson's community supervision alleging that he violated six conditions of his community supervision. After a hearing, the trial court found all of

the allegations to be true and revoked Nelson's community supervision. The trial court assessed punishment at two years confinement. We affirm.

In his sole issue on appeal, Nelson argues that the trial court erred in failing to sua sponte conduct an informal inquiry into his competency to proceed at the hearing on the motion to revoke community supervision. We review a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

The Texas Code of Criminal Procedure provides that a person is incompetent to stand trial if the person does not have (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person. TEX. CODE CRIM. PRO. ANN. art. 46B.003 (a) (West 2006). A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PRO. ANN. art. 46B.003 (b) (West 2006). The Code of Criminal Procedure further provides:

> (a) Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. A motion suggesting that the defendant may be incompetent to stand trial may be supported by affidavits setting out the facts on which the suggestion is made.

> (b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.

(c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.

(c-1) A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003.

TEX. CODE CRIM. PRO. ANN. art. 46B.004 (West Supp. 2012).

The following factors may provide evidence suggesting the need for an informal inquiry:

(1) the capacity of the defendant during criminal proceedings to:

(A) rationally understand the charges against the defendant and the potential consequences of the pending criminal proceedings;

(B) disclose to counsel pertinent facts, events, and states of mind;

(C) engage in a reasoned choice of legal strategies and options;

(D) understand the adversarial nature of criminal proceedings;

(E) exhibit appropriate courtroom behavior; and

(F) testify;

(2) as supported by current indications and the defendant's personal history, whether the defendant:

(A) has a mental illness; or

(B) is a person with mental retardation;

(3) whether the identified condition has lasted or is expected to last continuously for at least one year;

(4) the degree of impairment resulting from the mental illness or mental retardation, if existent, and the specific impact on the defendant's capacity to engage with counsel in a reasonable and rational manner; and

(5) if the defendant is taking psychoactive or other medication:

(A) whether the medication is necessary to maintain the defendant's competency; and

(B) the effect, if any, of the medication on the defendant's appearance, demeanor, or ability to participate in the proceedings.

TEX. CODE CRIM. PRO. ANN. art. 46B.024 (West Supp. 2012).

Nelson does not challenge the trial court's finding of true on the State's allegations in the motion to revoke. He further does not challenge that his plea was involuntary because of his incompetence. Nelson is specifically challenging the trial court's failure to sua sponte conduct an informal inquiry into his competency to proceed at the hearing on the motion to revoke community supervision.

At the revocation hearing, there was evidence that Nelson's father informed the probation department that "he knew how hard it is to deal with his son because he thinks that the Government is out to get him and preventing him from solving all the world's problems with his nano-mind technology that he is supposedly developing…" Nelson contends that this is evidence of delusional thinking.

Nelson testified at the revocation hearing that he has a physical disability in his leg. Nelson further testified about his educational background, work qualifications,

and his financial status. Nelson's counsel asked him whether he believed he had committed a crime. Nelson then explained his theory that "If people want to smoke marijuana and eat some mushrooms, that should be up to them. I don't feel that I have hurt anybody. I don't feel that it's just for this law to even be on the books." Nelson further explained his thoughts and beliefs on civil liberties and the judicial system. Nelson explained that "there are people getting less time for shooting people in the head, and it's ridiculous." Nelson further stated:

> I realize these are strong words and strong opinions, but this is what I feel. There's a lot of people that feel this way. They do the opinion polls, and the majority of the American people agree, at least on the issue of marijuana, which isn't a – a matter here. We're talking about indigents, and it is technically listed as a hallucinogen.
> So, are we going to waste two to ten years of my life and the taxpayer's money? I stand up for what I did. I don't know any way to tell y'all any better or open your eyes. Y'all are going to do what you're going to do.

Nelson quoted Martin Luther King, Jr., "If you see an atrocity and you don't raise your voice, you're participating in the atrocity."

Nelson's testimony shows that he understood the charges against him and was able to communicate with his attorney pertinent facts and events. Nelson engaged in a reasonable choice of legal strategies and understood the adversarial nature of the criminal proceedings. The trial court did not err in failing to sua sponte conduct an informal inquiry into his competency to proceed at the hearing on the motion to revoke community supervision. We overrule the sole issue on appeal.

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 3, 2013
Do not publish
[CR 25]