

**NUMBER 13-13-00120-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WALTER FORGE,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellant, Walter Forge, entered an open no contest plea to criminal mischief causing pecuniary loss of more than $1,500 but less than $20,000, a state jail felony. *See* TEX. PENAL CODE ANN. § 28.03(a)(1), (b)(4)(A) (West 2011). He was convicted, sentenced to two years in state jail, and ordered to pay $419 in court costs and $245 in

restitution. On appeal, Forge contends by three issues that (1) the trial court erred in not conducting a full competency hearing, and (2) his trial counsel was ineffective. We affirm.

## I. BACKGROUND

Forge was charged by indictment with having committed criminal mischief by causing over $1,500 in damage to paint on a vehicle. *See id.* § 28.03(a)(1) ("A person commits an offense if, without the effective consent of the owner, . . . he intentionally or knowingly damages or destroys the tangible property of the owner."). Forge's counsel filed a "Motion Suggesting Incompetency and Request for Examination" asking the trial court to appoint an expert to perform a competency evaluation. *See* TEX. CODE CRIM. PROC ANN. art. 46B.021(a) (West 2006) ("On a suggestion that the defendant may be incompetent to stand trial, the court may appoint one or more disinterested experts to . . . examine the defendant and report to the court on the competency or incompetency of the defendant . . . ."). The trial court granted the motion and appointed Velda Vela-Trujillo, Ph.D., a psychologist. Dr. Vela-Trujillo performed an examination and prepared a forensic examination report in which she concluded that Forge is competent to stand trial.

At the plea hearing, defense counsel acknowledged that he received the doctor's report and discussed it with Forge and stated that "I think he's come to understand more of what's going on." Forge acknowledged receiving a copy of the indictment. The following colloquy then occurred:

> THE COURT: All right, sir. You have certain constitutional rights. I'll go over those with you. You have the right to have the indictment read to you out loud in court; have a right to a jury trial; you have a right to confront

2

and cross-examine State witnesses; you have a right to bring your own witnesses before the Court; you have a right to remain silent; a right to give up these rights. Do you understand your rights, sir?

[Forge]: Yes, sir.

THE COURT: If you've entered into a plea bargain agreement with the State and I accept it, your rights of appeal will be limited to matters I've already ruled on. But, [defense counsel], you state there are no pending matters?

[Defense counsel]: There is no pending matter.

THE COURT: All right. And there is no plea bargain agreement, am I correct?

[Prosecutor]: That is correct, Your Honor.

THE COURT: Knowing all that, sir, do you wish to waive these rights I mentioned to you and continue with a plea?

[Forge]: Yes.

THE COURT: And to the charge in the indictment, how do you plead, guilty or not guilty?

[Forge]: No contest.

THE COURT: Are you pleading no contest because you do not wish to contest the matter?

[Forge]: Yes.

THE COURT: All right. All right. Knowing all that, sir, did anybody force you to give up the right to a jury trial?

[Forge]: No, sir.

THE COURT: Anybody promise you anything?

[Forge]: No, sir.

THE COURT: Are you satisfied with the work [defense counsel] has done for you?

3

| [Forge]: | Yes, sir. |
|---|---|
| THE COURT: | [Defense counsel], in your opinion, is your client competent to stand trial and has he been able to assist you? |
| [Defense counsel]: | Yes, Your Honor.  I think he's competent, based on the medication that he's under. |
| THE COURT: | All right. |
| [Defense counsel]: | And he's clearly understanding what's happening here today. |

The court then accepted Forge's plea and found Forge guilty of criminal mischief.  This appeal followed.

## I. COMPETENCY TO STAND TRIAL

### A.     Applicable Law and Standard of Review

"A person is incompetent to stand trial if the person does not have:  (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person."  *Id.* art. 46B.003(a) (West 2006).  "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence."  *Id.* art. 46B.003(b).  "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial."  *Id.* art. 46B.004(c) (West Supp. 2011).  The trial court must also conduct such an informal inquiry if there is "a bona fide doubt about the competency of the defendant."  *Gonzales v. State*, 313

4

S.W.3d 840, 841 (Tex. Crim. App. 2010) (citing *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009)).

If the court determines by the informal inquiry that there is evidence to support a finding of incompetency to stand trial, the trial court must hold a full competency trial unless: (1) neither party's counsel requests a trial on the issue of incompetency; (2) neither party's counsel opposes a finding of incompetency; and (3) the court does not, on its own motion, determine that a trial is necessary to determine incompetency. TEX. CODE CRIM. PROC ANN. art. 46B.005(c). In determining whether the evidence requires a full competency trial, the trial court must "assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Ex parte LaHood*, 401 S.W.3d 45, 53 (Tex. Crim. App. 2013) (quoting *Sisco v. State*, 599 S.W.2d 607, 613 (Tex. Crim. App. 1980)). This is a higher standard than the "bona fide doubt" which triggers the informal competency inquiry. *See McDaniel v. State*, 98 S.W.3d 704, 711 n.20 (Tex. Crim. App. 2003).

We review the trial court's competency determination for abuse of discretion. *Montoya*, 291 S.W.3d at 426; *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). We do not substitute our judgment for that of the trial court, but rather determine whether its decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426

**B. Analysis**

Forge argues by his first issue that his "due process rights were violated by the failure to conduct a full competency hearing." *See McDaniel*, 98 S.W.3d at 709 ("The conviction of an accused person while he is legally incompetent violates due process.").

5

In support of this issue, Forge notes that, at the time of the competency evaluation, he erroneously believed he was charged with criminal trespass, not criminal mischief. Forge further asserts that, at the time he pleaded guilty, he erroneously believed that he had entered into a plea bargain agreement with respect to his guilty plea.

Defense counsel's "Motion Suggesting Incompetency and Request for Examination" triggered an informal competency inquiry under subsection (c) of code of criminal procedure article 46B.004. TEX. CODE CRIM. PROC ANN. art. 46B.005(c). The record reflects that Dr. Vela-Trujillo's examination and report were part of the informal inquiry. The doctor's report does indicate that Forge, as well as his trial counsel, believed at the time of the examination that Forge was charged with criminal trespass. However, the trial court correctly admonished Forge at his plea hearing that he was in fact charged with criminal mischief, and Forge acknowledged that he understood that charge at the plea hearing. Forge also signed and initialed written admonishments that correctly stated the charge and level of offense. Also at the plea hearing, the trial court advised Forge of his limited right to appeal if he had entered into a plea bargain agreement; however, it was made clear at the plea hearing that no such agreement was entered into in this case.

Forge does not contend that his guilty plea was not freely and voluntarily given. *See id.* art. 26.13(b) (West Supp. 2011) ("No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."). On this record, we cannot conclude that the evidence raised at the informal inquiry "rationally may lead to a conclusion of incompetency" so as to require a full competency trial. *See id.* art. 46B.003(b); *LaHood*,

6

401 S.W.3d at 53. Accordingly, the trial court did not abuse its discretion in not conducting a full competency trial. We overrule Forge's first issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

**A.     Applicable Law and Standard of Review**

To obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). The prejudice prong requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 248 (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v.*

*State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (noting that, "unless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate"). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6. In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813–14.

## B.     Analysis

Forge's second issue contends that his trial counsel was ineffective because he failed to challenge the trial court's competency finding. This issue lacks merit in light of our conclusion that there was no evidence adduced that would support a full trial as to competency. *See LaHood*, 401 S.W.3d at 57 (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)) (noting that, to prevail in a claim of ineffective assistance of counsel based on the failure of counsel to seek a full competency evaluation, "there must be some affirmative showing that the [defendant] lacked 'sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against the person'").

8

By his third issue, Forge argues that his trial counsel was ineffective because he failed to "argu[e] for a lesser sentence." Forge claims that he "indicated . . . his desire to seek some form of community supervision" during his competency evaluation but that counsel did not request community supervision. Forge further asserts that counsel "made no argument to the trial court concerning what he felt would be an appropriate sentence." He claims that "[t]here can be no trial strategy that would support such action" because "[t]here was nothing to lose by telling the judge why a lesser sentence might be more appropriate . . . ."

The State concedes that the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution includes the right of the defendant to have the opportunity to make a closing argument. *See Herring v. New York*, 422 U.S. 853, 858 (1975) (noting that "counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge"). In this case, Forge's defense counsel declined to assert that right. But we disagree with Forge that "[t]here can be no trial strategy that would support such action." In particular, counsel may have chosen not to make a closing argument urging a lesser sentence because that may have led the prosecutor to invoke *his* right to make a closing argument, which may have resulted in a harsher sentence. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (noting, in the context of an ineffective assistance claim, that "it might sometimes make sense to forgo closing argument altogether"). As it turned out, the trial court imposed the maximum jail term prescribed for a state jail felony, *see* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2011); but, at the time counsel declined to offer a closing argument, counsel may reasonably have

9

believed that Forge would have received a lesser sentence if neither he nor the prosecutor made closing arguments. Moreover, the trial court did not impose any fine, though the statute authorizes a fine of up to $10,000 for a state jail felony, *see id.* § 12.35(b), and it did not order restitution of the full amount of damage to property caused by Forge according to his stipulation. Defense counsel may have reasonably believed that, had he and the prosecutor both made closing arguments, a fine or full restitution would have been ordered.

Even assuming, but not deciding, that counsel's failure to argue for a lesser sentence fell outside "the wide range of reasonable professional assistance," *see Strickland*, 466 U.S. at 689, Forge has not shown prejudice. Forge notes that, according to evidence in the record, the total cost of repairing the damage he caused to the vehicle was $1,640.63, which is "in the lowest part of the range" for state jail felony criminal mischief. *See* TEX. PENAL CODE ANN. § 28.03(b)(4)(A) (providing that criminal mischief is a state jail felony if the amount of pecuniary loss is $1,500 or more but less than $20,000). However, this information was available to the trial court as of the time it assessed punishment. Accordingly, Forge has not shown a "reasonable probability" that, had his trial counsel made a closing argument urging a lesser sentence, the result of the proceeding would have been different. *See Ex parte Napper*, 322 S.W.3d at 248; *see also Ex parte Bratcher*, No. AP-76,994, 2013 WL 3282972, at *12 (Tex. Crim. App. June 26, 2013) ("The likelihood of a different result must be substantial, not just conceivable.") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 792 (U.S. 2011)).

We overrule Forge's second and third issues.

10

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.