ACCEPTED
01-14-00582-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 11:30:48 AM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00582-CR**

In the

Court of Appeals

For the

First District of Texas

At Houston

————————◆————————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/18/2015 11:30:48 AM

CHRISTOPHER A. PRINE
Clerk

**No. 1408007**

In the 179th District Court

Of Harris County, Texas

————————◆————————

**RODNEY WAYNE ROBINS**

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

————————◆————————

STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**DAN MCCRORY**
Assistant District Attorney
Harris County, Texas
mccrory_daniel@dao.hctx.net

**DAVID OVERHULS**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.7, the State waives oral argument since the applicable legal principles are settled and both parties have clearly set forth their positions in their briefs.

# **TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT.....................................................i

INDEX OF AUTHORITIES...................................................................... iii

STATEMENT OF THE CASE.................................................................1

STATEMENT OF FACTS ......................................................................1

SUMMARY OF THE ARGUMENT ..........................................................1

REPLY TO POINT OF ERROR ONE ........................................................2

CONCLUSION ..................................................................................14

CERTIFICATE OF SERVICE ...............................................................15

CERTIFICATE OF COMPLIANCE .......................................................15

# INDEX OF AUTHORITIES

**CASES**

*Baugh v. State*,
   No. 14-06-00553-CR, 2007 WL 1247311 (Tex. App.--Houston [14th Dist.]
   May 1, 2007, no pet.) (not designated for publication)......................................12

*Ex parte Amezquita*,
   223 S.W.3d 363 (Tex. Crim. App. 2006)...............................................................9

*George v. State*,
   446 S.W.3d 490 (Tex. App.--Houston [1st Dist.] 2014, pet. ref'd).................6, 12

*Hobbs v. State*,
   359 S.W.3d 919 (Tex. App.--Houston [14th Dist.] 2012, no pet.) ........................8

*LaHood v. State*,
   171 S.W.3d 613 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd) ...........8, 9, 11

*McDaniel v. State*,
   98 S.W.3d 704 (Tex. Crim. App. 2003)..........................................................9, 11

*Montoya v. State*,
   291 S.W.3d 420 (Tex. Crim. App. 2009)..............................................8, 9, 11, 12

*Roberson v. State*,
   No. 13-10-00531-CR, 2011 WL 3821059 (Tex. App.--Corpus Christi
   Aug. 25, 2011, pet. ref'd) (not designated for publication) ...............................10

*Thompson v. State*,
   12 S.W.3d 915 (Tex. App.--Beaumont 2000, pet. ref'd)....................................10

*Turner v. State*,
   422 S.W.3d 676 (Tex. Crim. App. 2013).......................................................6, 12

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 46B.003 (West 2006) ................................ 6, 8, 9

TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West Supp. 2014) ................................7

TEX. CODE CRIM. PROC. ANN. art. 46B.024 (West Supp. 2014) ...............................7

**OTHER AUTHORITIES**

STEPHEN R. COVEY, THE SEVEN HABITS OF HIGHLY EFFECTIVE
 PEOPLE (1989)...........................................................................................10

**RULES**

TEX. R. APP. P. 39.7 ........................................................................................ i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of possessing cocaine, enhanced by two prior felony convictions. (CR 11). After a jury found appellant guilty of the charged offense, the trial judge found the allegations in the enhancement paragraphs true and assessed punishment at six-years confinement. (CR 75).

## STATEMENT OF FACTS

An officer was patrolling a "high crime narcotics area" when he saw appellant seated on a bucket at a car wash. (RR III 13-15). Appellant appeared to be smoking something. (RR III 15). As the officer approached him, appellant tossed a crack pipe. (RR III 16-17). The officer arrested him and found a crack rock in his pocket during a search incident to arrest. (RR III 17-18).

## SUMMARY OF THE ARGUMENT

After observing appellant's conduct and demeanor first-hand, the trial judge expressly found there was no suggestion of incompetency during appellant's silent episode. A reviewing court must afford great deference to this finding since, unlike an appellate judge, the trial judge is able to observe a defendant's body language

and other nonverbal methods of communication to gauge the defendant's involvement in and understanding of the proceeding.

Furthermore, appellant's silence was a short isolated event. During the remainder of the trial, appellant appropriately responded to the judge and displayed no signs of incompetency.

## REPLY TO POINT OF ERROR ONE

In his sole point of error, appellant contends the trial judge erred by failing to conduct an informal inquiry into appellant's competency. Appellant maintains there was a suggestion of his incompetency created by his refusal to speak on occasion when addressed by his lawyer and the judge.

Relevant facts

While the jury was waiting in the hallway for the voir dire proceeding to begin, the trial judge addressed the parties and noted that, earlier in the day, appellant had chosen to not speak with his attorney or the judge. (RR II 4). The prosecutor and defense counsel both confirmed that appellant would not speak to them earlier. (RR II 5). The judge then directed several questions to appellant who provided no response. (RR II 5-6). The entirety of this exchange reads as follows:

THE COURT: If he does not answer arraignment I'll enter a not guilty plea on his behalf. What was Mr. Robins' offer this morning guys?

MR. OVERHULS: 3 years.

THE COURT: Would you invite Mr. Robins out, please?

(Defendant approaches)

THE COURT: Okay guys let's talk about it. It is June the 30th at 11:10 a.m. We're in open court on case number 1408007, the State versus Rodney Wayne Robins. Mr. Robins is present in the courtroom with defense counsel Mr. Arlan J. Broussard. And the State's attorney Mr. Overhuls is also present. There is a jury in the hallway. Mr. Robins is charged by indictment with a state jail felony cocaine offense, twice enhanced with two prior state jail felonies possible sentencing range 2 to 10 years in the state penitentiary up to a $10,000.00 fine. This morning we invited Mr. Robins to speak with us at the bench with all parties and counsel present. He chose not to do that this morning. He chose not to speak with either myself or his attorney. Mr. Robins scoot up. Scoot up. There you go. Mr. Broussard we brought Mr. Robins out to speak with him. He refused to speak with either myself or you. Is that correct Mr. Broussard?

MR. BROUSSARD: It is Your Honor.

THE COURT: We -- I conveyed a recommendation of three years TDCJ to Mr. Robins this morning. Is that correct State?

MR. OVERHULS: That's correct Judge and Mr. Robins stood mute at the time, would not speak with me nor his lawyer.

THE COURT: And Mr. Robins we're about to pick your jury. Right here is called an election of sentence. If you do not sign the election with your lawyer if you're found guilty, it would be my job not the Jury's job to assess punishment if you're found guilty. Do you understand Mr. Robins?

THE DEFENDANT: No response.

THE COURT: He's chosen to remain mute. So I'll take that as a refusal to sign. If he's found guilty we'll do Court sentencing not jury sentencing pursuant to Section 3707. And Mr. Robins is wearing an orange jail jumpsuit at this time and I believe Mr. Broussard you offered Mr. Robins the opportunity to wear civilian clothes at his trial. Is that correct?

3

MR. BROUSSARD: That's correct Your Honor. Clothes were provided to him and made clear to him that he had the opportunity to wear something other than the orange jumpsuit. He remained mute.

THE COURT: Mr. Robins you aren't helping your lawyer being tried in orange jumpsuit. You're making that choice against my advice, against your lawyer's advice. Do you understand Mr. Robins?

THE DEFENDANT: No response.

THE COURT: Mr. Robins chooses to remain mute so he'll be charged in his jail clothes. Mr. Broussard any indication of mental health abuse in Mr. Robins file? I looked at his file. He has 15 convictions. Was he ever found to be incompetent or insane in his years here in Harris County?

MR. BROUSSARD: Not to my knowledge Your Honor.

THE COURT: There is no indication of Mr. Robins lack of competency. He's just chosen to remain mute at this time. And Mr. Robins you want to say anything before the jury comes in? It's time for you to say what's on your mind Mr. Robins. Do you have anything you'd like to tell us at this time Mr. Robins?

THE DEFENDANT: No response.

THE COURT: Mr. Robins remains mute. He has nothing to tell us. Yes, sir, Mr. Broussard.

MR. BROUSSARD: I would like to also state for the record Your Honor that I asked Mr. Robins about prior convictions that the State might use to enhance his punishment and to those inquiries he remained mute and I couldn't get no response from him.

THE COURT: I suspected that.

THE BAILIFF: Ready for the panel Judge?

THE COURT: As ready as I want to be. Mr. Robins you sure you want to do this?

(Panel Seated)

4

(RR II 4-7).

No further questions were directed to appellant during the ensuing voir dire examination. (RR II 7-94). Nor is there any evidence that appellant made any outbursts or demonstrated any other inappropriate or bizarre conduct during the proceeding. (RR II 7-94).

The guilt-innocence proceeding was conducted the following day. At the beginning of the proceeding, the prosecutor arraigned appellant and appellant personally announced a plea of not guilty. (RR III 7). Appellant did not stand mute in response to any questions addressed to him, as he had done before the voir dire examinations the previous day.

The State presented two witnesses and rested, and the defense then rested without presenting any witnesses. Both parties presented a closing argument and the jury later returned a guilty verdict. (RR III 55-63). There is no indication of appellant exhibiting any unusual, obstinate, or bizarre behavior during this proceeding. (RR III 6-64).

Later in the day, the judge conducted the punishment proceeding. The judge asked appellant for his plea to the allegations in the enhancement paragraphs and appellant personally replied "true" without incident. (RR IV 6). The State presented two witnesses and the defense presented none. (RR IV 7-16). There is no indication in the record that appellant exhibited any inappropriate conduct

during this proceeding. (RR IV 6-18). He personally announced "I want to appeal it and I want a transcript of the trial" after the State rested. (RR IV 16).

Standard of review and applicable law

A criminal defendant who is incompetent may not be put to trial without violating due process. *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013); *George v. State*, 446 S.W.3d 490, 499 (Tex. App.--Houston [1st Dist.] 2014, pet. ref'd). As such, a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial with violating the federal constitution. *Turner*, 422 S.W.3d at 688-89.

The Texas Legislature has developed a statutory scheme that provides a standard for determining competency and that describes the circumstances that require, and procedures for making, a determination of whether a defendant is competent to stand trial. *Id*. at 689. A person is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006). A defendant is presumed competent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006).

On suggestion that the defendant may be incompetent to stand trial, the trial judge shall determine by "informal inquiry" whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2014). Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(a) (West Supp. 2014). A suggestion of incompetency is the threshold requirement for an informal inquiry and may consist solely of a representation from any credible source that the defendant may be incompetent. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2014).

Evidence suggesting the need for an informal inquiry may be based on observations made in relation to the defendant's capacity to: (1) rationally understand the charges against him and the potential consequences of the pending criminal proceeding; (2) disclose to counsel pertinent facts, events, and states of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2014); TEX. CODE CRIM. PROC. ANN. art. 46B.024(1) (West Supp. 2014). It may also be based on any evidence indicating that the defendant is incompetent within the meaning of article 46B.003. *Id.*

7

An appellate court reviews a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Hobbs v. State*, 359 S.W.3d 919, 923-24 (Tex. App.--Houston [14th Dist.] 2012, no pet.). The appellate court does not substitute its judgment for that of the trial court, but rather determines whether the trial court's decision was arbitrary or unreasonable. *Id*.

Argument and analysis

Appellant maintains that his initial unexplained silence suggested to the trial judge that he might be incompetent, thereby triggering the need for an informal inquiry as mandated by article 46B.004. This claim is meritless because there was no suggestion of incompetency.

The statute providing the test for competency speaks in terms of a defendant's *present* ability to consult with his lawyer. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006); *Montoya*, 291 S.W.3d at 425. Therefore, when the trial judge observes the behavior alleged to have raised a competency issue, he is in the best position to determine whether the defendant is presently competent. *Montoya*, 291 S.W.3d at 426; *LaHood v. State*, 171 S.W.3d 613, 619 n.2 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd) (trial judge in much better position than appellate court to assess defendant's demeanor during alleged period of confusion). An appellate court cannot ignore the trial judge's first-hand factual

assessment of the defendant's mental competency. *McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003). The trial judge's factual findings about the defendant's competency are entitled to "great deference" by a reviewing court. *Id.*; *Montoya*, 291 S.W.3d at 426.

The trial judge in this case observed first-hand appellant's silence. (RR II 4-7). Having personally observed appellant's demeanor during this time, the judge expressly stated that there was "no indication" that appellant was incompetent. (RR II 6). In other words, the trial judge determined that there was no suggestion that appellant lacked the present ability to consult with his lawyer or failed to understand the nature of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006).

The trial judge's express assessment of appellant's competency must be afforded great deference since he was much better positioned than any of the current appellate participants to assess appellant's competency during the proceeding. *Montoya*, 291 S.W.3d at 426; *McDaniel*, 98 S.W.3d at 713; *LaHood*, 171 S.W.3d at 619 n.2. Having personally observed appellant's demeanor during his period of silence, the judge may have been able to gauge appellant's level of involvement in the proceeding by means of eye contact or other physical manifestations of perception such as body language. *See Ex parte Amezquita*, 223 S.W.3d 363, 368-69 (Tex. Crim. App. 2006) (Cochran, J., concurring) (recognizing

that trial judge has ability to make determinations about demeanor that the cold appellate record cannot adequately convey to appellate court); *Thompson v. State*, 12 S.W.3d 915, 925 (Tex. App.--Beaumont 2000, pet. ref'd) (Stover, J., concurring) ("It has been posited that ten percent of spoken communication is by the words we say, thirty percent by the sounds we make and sixty percent by body language, or nonverbal communication.") (quoting STEPHEN R. COVEY, THE SEVEN HABITS OF HIGHLY EFFECTIVE PEOPLE 241 (1989)); *Roberson v. State*, No. 13-10-00531-CR, 2011 WL 3821059, at *3-4 (Tex. App.--Corpus Christi Aug. 25, 2011, pet. ref'd) (not designated for publication) (trial judge noted that defendant made eye contact with him when the judge spoke to defendant even though defendant refused to respond to judge's questions and refused to change out of jail clothes for trial).

Nonverbal cues sometimes may convey information as effectively as a spoken thought. For example, despite remaining silent, appellant may have demonstrated meaningful eye contact with the judge and reacted nonverbally to the judge's inquiries through such eye contact or other nonverbal manners of communication to such an extent as to exhibit and convey a level of understanding. Admittedly, given the cold appellate record, it is also possible that he maintained a vacant look in his eyes accompanied by body language consistent with an utter lack of comprehension or understanding. But since the trial judge personally

10

observed appellant's behavior and demeanor, he was best positioned to determine whether appellant's conduct and demeanor was more consistent with the former category than the latter. *Montoya*, 291 S.W.3d at 426; *LaHood*, 171 S.W.3d at 619 n.2.

And the record does, in fact, reflect that appellant was responsive in some manner to the judge's direction. For example, during appellant's silent episode, the judge instructed him to scoot up and appellant seemed to comply, which would suggest appellant was following the proceeding and aware of his surroundings. (RR II 5) ("Mr. Robins scoot up. Scoot up. There you go."). Furthermore, the judge stated several times that appellant had "chosen" to remain mute. (RR II 5-6). The judge's assessment that appellant's silence was the result of a *choice* to remain silent, rather than an *inability* to communicate, is consistent with the judge having interpreted appellant's demeanor and nonverbal conduct as indicating his silence was not suggestive of incompetency.

Therefore, the trial judge's express determination that there was no suggestion of incompetency should be afforded great deference on appeal. *McDaniel*, 98 S.W.3d at 713 ("We cannot ignore the trial court's firsthand factual assessment of appellant's mental competency. His factual findings, that appellant understood the nature of the proceedings and assisted his counsel in his defense, are entitled to great deference by the reviewing court."). And the trial judge's

finding that there was no suggestion of incompetency is buttressed by the fact that appellant's own attorney expressed no concern or suspicion about appellant's competency. (RR II 4-7).

Moreover, the trial judge's determination that there was no suggestion of incompetency based simply on appellant's silence is consistent with case law. For example, the Fourteenth Court of Appeals has noted that "defendants often choose to remain silent" at certain pretrial proceedings such as arraignments. *Baugh v. State*, No. 14-06-00553-CR, 2007 WL 1247311, at *3 (Tex. App.--Houston [14th Dist.] May 1, 2007, no pet.) (not designated for publication). A such, appellant's silence was not unusual. Similarly, this Court and the court of criminal appeals have observed that a defendant's refusal to communicate or cooperate with his attorney is not probative of incompetence and does not overcome the presumption of competency. *Turner*, 422 S.W.3d at 691; *George*, 446 S.W.3d at 500.

Furthermore, an examination of the entire record supports the trial judge's determination that appellant's initial silence was not suggestive of incompetency. *Montoya*, 291 S.W.3d at 426 (criticizing lower appellate court for considering instances of defendant's confusion in isolation and out of context of the rest of the record). Despite his momentary silence at the beginning of the voir dire proceeding, there is no evidence that he engaged in any questionable behavior during the remainder of the voir dire proceeding. (RR II 7-94). The following day,

appellant responded appropriately during the guilt proceeding when addressed by the judge and there is no evidence of any inappropriate conduct during that proceeding. (RR III 6-64).

Similarly, appellant responded appropriately to the judge during the punishment hearing and stated "I want to appeal it and I want a transcript of the trial" after the State rested its punishment case. (RR IV 6, 16). There was no evidence of inappropriate conduct during the punishment proceeding. (RR IV 6-18). Neither the judge, the prosecutor, nor the defense attorney expressed any concern about appellant's competency at any stage of the trial. *Id.* (there was no suggestion from the judge, prosecutor, or defense counsel that defendant appeared incompetent). Therefore, the remainder of the record reveals that appellant's initial silence was a short isolated incident and that his conduct during the remainder of the trial shows that this isolated incident was not suggestive of incompetency.

Accordingly, the trial judge did not abuse his broad discretion by finding no suggestion of incompetency or by failing to conduct an informal inquiry. Point of error one is meritless and should be overruled.

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 13489950
mccrory_daniel@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to the

following email address via TexFile:

Sarah V. Wood
Assistant Public Defender
Sarah.wood@pdo.hctx.net

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 13489950

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,990 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 13489950

Date: 6/18/2015