

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–0239–08

**BELINDA MONTOYA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE 13TH COURT OF APPEALS
### NUECES COUNTY

**MEYERS, J., delivered the opinion for a unanimous Court.**

**O P I N I O N**

Appellant, Belinda Montoya, pled guilty to possession of cocaine and was

sentenced to fourteen months in a state jail facility. She appealed, claiming that the trial

court erred in failing to *sua sponte* raise the issue of her competence to stand trial. The

court of appeals agreed and abated the trial-court judgment. *Montoya v. State*, No. 13-06-

462-CR (Tex. App.–Corpus Christi, November 1, 2007) (not designated for publication),

2007 Tex. App. LEXIS 8702. The State filed a petition for discretionary review asking us

how much evidence must come to the attention of the trial court before the court is required to suggest that the defendant may be incompetent under Code of Criminal Procedure Article 46B.004,[1] and whether the court of appeals gave proper deference to the trial court's determination. We granted review to clarify the proper standard to be used under the amended statute. We hold that the *bona fide* doubt standard is still proper. Although the court of appeals used the *bona fide* doubt standard, it failed to defer to the trial court. We will reverse.

### FACTS

Appellant was charged with possession of cocaine. Although she was not offered a plea agreement, she pled guilty. At the plea hearing, the trial court asked Appellant if she knew the range of punishment that was applicable and if she understood that she was giving up valuable and important rights. She answered, "Yes," and also affirmed that she was pleading guilty voluntarily. The trial judge further discussed with her the consequences of pleading guilty without the benefit of a plea-bargain agreement, and she again indicated that she understood that she was waiving her rights, and that the judge could sentence her to probation or up to two years in the state jail. The trial judge considered Appellant's pre-sentence investigation report, which indicated a prior forgery offense and a history of drug and alcohol abuse. Applicant acknowledged that drugs were bad for her, but testified that she used drugs because she was depressed about being told

---

[1]Unless otherwise specified, all references to Articles refer to the Code of Criminal Procedure.

by her doctors that she had only six months to live due to end-stage liver disease.[2]

However, her probation officer reported to the trial court that Appellant tested positive for drugs five days prior to receiving this poor prognosis, and the court noted that her doctors had possibly changed her prognosis from ten years to six months due to her continued drug use.[3]

Testimony indicated that Appellant took medications for her illnesses, and that some of the side effects included depression, forgetfulness, drowsiness, and weakness. Appellant's sister testified that she doesn't believe that Appellant has a drinking or drug problem, and discussed Appellant's illness:

> She gets real sick. She's really sick. She's–There's times that she, you know, she doesn't know what she's doing, that she needs constant care, and they're trying to get that for her. They're trying to get a provider for her because she's not well and she looks well right now. The days that we see her, she's not. She's like a little kid. We have to get her dressed. We have to sit her down to try to take her medicine and then we have to constantly care, need constant care for her.

Appellant's sister said that the family could keep Appellant away from drugs and alcohol and that Appellant was trying to get better so that she could spend time with her family.

The trial judge admonished Appellant for her continued drug use and determined that time in the state jail was in her best interest. He sentenced her to fourteen months.

---

[2]The record indicates that Appellant has cirrhosis and hepatitis C.

[3]In March, she was told that her life expectancy was up to ten years. One month later, after testing positive for cocaine and amphetamines, doctors told her that she had only six months to live.

Appellant appealed, arguing that the trial court erred in not *sua sponte* inquiring into her competence to stand trial. The court of appeals agreed and issued a memorandum opinion abating the trial court's judgment.

The State filed a petition for discretionary review, which we granted to consider the following grounds for review:

Question 1
What quantum of evidence is necessary for a trial court to be required to conduct an informal inquiry on competence under code of criminal procedure 46B.004(c)?

Question 2
Did the Thirteenth Court of Appeals improperly confuse evidence of impairment with evidence of incompetency, and fail to give proper deference to the trial court's role in distinguishing between the two, when it held that:
> •testimony that a defendant experienced instances of impairment on unspecified dates in the past and
> •isolated instances of momentary hesitation or confusion during a proceeding

demonstrated that a defendant lacked a factual and rational understanding of the proceedings, and required the trial court to *sua sponte* hold a competency hearing, even where:

> •there was no evidence that such impairment was actually impacting the defendant on the date of the proceeding
> •the defendant and her attorney both certified that she was competent, and
> •the defendant's conduct demonstrated that she had a factual and rational understanding of the proceedings?

Question 3
Did the ruling of the Thirteenth Court of Appeals, which abated the trial court's judgment and remanded, provide proper guidance to the trial court and the parties as to the legal status of the trial court's judgment after any

competency inquiry?

## COURT OF APPEALS

The court of appeals noted that Code of Criminal Procedure Article 46B.004 requires the trial court to inquire into a defendant's competence if evidence suggests incompetency, and that a trial judge must conduct an inquiry only if sufficient evidence exists to create a *bona fide* doubt in the mind of the judge regarding whether the defendant is legally competent. Considering whether such evidence came to the trial court's attention, the court of appeals cited several passages from the record and concluded that Appellant's answers to the judge's questions were not always responsive and coherent. The court of appeals stated that the trial court made no suggestion that Appellant may be incompetent and made no determination by informal inquiry whether there was evidence to support a finding of incompetence. *Montoya*, 2007 Tex. App. LEXIS 8702 at *5-6.

After reviewing the record, the court of appeals determined that Appellant's testimony included evidence suggesting that she may have been incompetent to stand trial.

> We conclude the evidence demonstrated recent, severe mental illness, or at least moderate mental retardation, or truly bizarre acts by appellant. We find particularly troublesome the evidence showing that appellant had experienced instances when she was delusional, did not know where she was at or what she was doing, and acted like a "little kid". The evidence showed appellant did not have a rational as well as factual understanding of the proceedings against her. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(2) (Vernon 2006). Accordingly, the evidence was sufficient to

prompt a competency inquiry because it met the threshold stated in *Salahud-Din* and should have raised a *bone fide* [sic] doubt in the judge's mind regarding appellant's competency to stand trial. *See Salahud-Din* [*v. State*], 206 S.W.3d [203,] 208 [(Tex. App.–Corpus Christi 2006, pet. ref'd)]. We hold that because evidence came to the trial court's attention suggesting appellant may have been incompetent to stand trial, the court abused its discretion by failing, *sua sponte*, to determine by informal inquiry whether there was some evidence from any source that would support a finding that appellant was incompetent to stand trial.

*Montoya*, 2007 Tex. App. LEXIS 8702 at *11-12. The court of appeals abated the judgment of the trial court and remanded the case for further proceedings. *Id*. at *12.

## ANALYSIS

**Question 1:**

In *Alcott v. State*, 51 S.W.3d 596 (Tex. Crim. App. 2001), we considered what quantum of evidence was necessary to trigger the statutorily required competency hearing under the former competency statute, Code of Criminal Procedure Article 46.02, Section 2(b).[4] We determined that a competency hearing is required if the evidence is sufficient to raise a *bona fide* doubt in the mind of the judge whether the defendant is legally

---

[4]The former statute, Code of Criminal Procedure Article 46.02 section 2, stated:

(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.
(b) If, during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

The statute was repealed by Acts 2003 78th Leg., ch. 35, effective January 1, 2004, and was replaced with the current Code of Criminal Procedure Article 46B.004.

competent. *See also Moore v. State*, 999 S.W.2d 385 (Tex. Crim. App. 1999). We again considered this issue in *McDaniel v. State* and enumerated the steps required for a judge to conduct a competency inquiry and competency hearing under the former statute. We concluded that a judge must conduct a competency hearing only when the issue is raised by either party or the court and evidence of incompetency is brought to the trial court's attention. We specified that the evidence must be sufficient to raise a *bona fide* doubt in the judge's mind about the defendant's competency to stand trial. 98 S.W.3d 704, 710-11 (Tex. Crim. App. 2003). Since the statute changed in 2004,[5] there has been disagreement in the courts of appeals regarding whether the *bona fide* doubt standard has also changed. *See Greene v. State*, 225 S.W.3d 324, 328 (Tex. App. San Antonio, 2007) (rejecting the *bona fide* doubt standard due to the new statute's use of the terms "suggest" and "suggestion"); *Rojas v. State*, 228 S.W.3d 251, 255 (Tex. App.–Amarillo 2007) (determining that appellant failed to raise a *bona fide* doubt in the mind of the trial court

---

[5]The new statute as of January 1, 2004 states:

Art. 46B.004. Raising Issue of Incompetency to Stand Trial

(a) Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. A motion suggesting that the defendant may be incompetent to stand trial may be supported by affidavits setting out the facts on which the suggestion is made.
(b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.
(c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.

regarding his rational and factual understanding of the proceedings against him or his ability to meaningfully consult with his attorney); *Lawrence v. State*, 169 S.W.3d 319, 323 (Tex. App.–Fort Worth 2005, pet. ref'd) (declining to address the standard although the appellant argued that article 46B.004(b)'s language creates a lower evidentiary threshold); *See also Pitonyak v. State*, 253 S.W.3d 834 (Tex. App.–Austin 2008) (following *Lawrence* and declining to decide the issue because, even under a broad interpretation of article 46B.004(b), there was no evidence suggesting that appellant was incompetent to stand trial).

The changes to the statute specify that a trial judge's inquiry into a defendant's competence may be informal, rather than the formal hearing required in the former statute. This allows the trial judge to informally determine whether the behavior of the defendant during a proceeding indicates a lack of rational understanding.

So, the question is: did the change in the statute change the standard? The answer is no. *Bona fide* doubt is still the proper standard for determining whether a trial court should conduct an inquiry. If a trial judge has a *bona fide* doubt about the competency of the defendant, he or she shall conduct an informal inquiry to determine if there is evidence that would support a finding of incompetence. A *bona fide* doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation.

The court of appeals used the *bona fide* doubt standard, and the State agrees that it

is the proper standard. The quantum of evidence necessary for a trial court to be required to conduct an informal inquiry on competence has not changed under Article 46B.004.

**Question 2:**

This question involves two distinct issues. First, whether the court of appeals confused evidence of impairment with evidence of incompetency, and second, whether the court of appeals failed to give proper deference to the trial court.

Article 46B.003 says that one is incompetent to stand trial if the person does not have 1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding or 2) a rational as well as factual understanding of the proceedings against the person.[6] We note that the statute specifies the defendant's *present* ability. We have held that instances of depression are not an indication of incompetency and that past mental-health issues raise the issue of incompetency only if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts by the defendant. In *Moore*, we stated that:

> Prior hospitalization and treatment for depression do not *per se* warrant the trial court empaneling a separate jury to conduct a competency hearing. To raise the issue of competency by means of the defendant's past mental health history, there generally must be evidence of recent severe mental illness or bizarre acts by the defendant or of moderate retardation. Lower courts have held that a trial court is within its power to find a defendant competent without a section 2[7] hearing despite evidence of depression or prior hospitalization when such evidence fails to indicate adequately either

---

[6]See Code of Criminal Procedure Article 46B.003(a).

[7]As noted in Footnote 4, *supra*, section 2 is the former competency statute.

severe mental illness or recent impairment. We agree. A defendant's propensity toward depression does not necessarily correlate with his ability to communicate with counsel or his ability to understand the proceedings against him.

999 S.W.2d at 395 (internal citations omitted). This reasoning applies equally to prior issues with side effects of medication, including drowsiness, weakness, and forgetfulness. The considerations when evaluating competency to stand trial include the defendant's level of understanding of the proceeding and ability to consult with counsel in preparation for the proceeding. Thus, those who observed the behavior of the defendant at the hearing were in a better position to determine whether she was presently competent. *See McDaniel*, 98 S.W.3d at 713 (stating, "We cannot ignore the trial court's first-hand factual assessment of appellant's mental competency. His factual findings, that appellant understood the nature of the proceedings and assisted his counsel in his defense, are entitled to great deference by the reviewing court.").

For this reason, courts of appeals review these cases for an abuse of discretion. An appellate court does not substitute its judgment for that of the trial court, but rather determines whether the trial court's decision was arbitrary or unreasonable.

A review of the record indicates that the court of appeals took instances of the defendant's confusion or misunderstanding of the judge's questions in isolation and out of context as evidence of incompetence when the rest of the record shows that the issues were immediately and easily clarified by the trial judge or defendant's attorney and that the defendant indicated her understanding. The record also includes the defendant

discussing specific details of her medical history and substance abuse, including acknowledging that the use of illegal drugs and alcohol are harmful and may exacerbate her illnesses. She stated that she could have more than a six-month life expectation "if I just take care of myself" and that she knew that doing drugs "eats my liver more and then just gets worse." At the hearing, Appellant's sister even said Appellant "looks well now."

The record in this case shows no indication of recent severe mental illness, moderate retardation, or truly bizarre acts, and there was no suggestion by Appellant's attorney, the State, or the trial court, all of whom observed Appellant's behavior at the hearing, that Appellant appeared unable to understand the proceedings.

The court of appeals failed to give deference to the trial court and erred in using evidence of past impairment and isolated instances of momentary confusion during the hearing to require the trial court to conduct an inquiry into the defendant's competence.

## CONCLUSION

The court of appeals was correct in using the *bona fide* doubt standard, but erred in failing to give proper deference to the trial judge's determination based on his ability to observe the behavior of the defendant. Because we reverse the court of appeals, we do not need to consider the State's third ground for review. The judgment and sentence of the trial court is affirmed.

Meyers, J.

Delivered: July 1, 2009
Publish