TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00168-CR







Paul Douglas Massoth, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 61285, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Paul Douglas Massoth was placed on deferred adjudication community
supervision after he pleaded guilty to possessing less than one gram of methamphetamine. See Tex.
Health & Safety Code Ann. § 481.115 (West Supp. 2009). One year later, appellant pleaded true to
most of the violations alleged in the State's motion to adjudicate, including use of
methamphetamine, failure to report, and failure to pay fees. The court adjudged him guilty, assessed
his punishment at two years in state jail, and returned him to community supervision. In a single
point of error, appellant contends that the court erred by failing to conduct an informal inquiry into
his competence to stand trial. We overrule this contention and affirm the conviction.

A person is incompetent to stand trial if he does not have sufficient present ability to
consult with his lawyer with a reasonable degree of rational understanding, or if he does not have
a rational and factual understanding of the proceedings. Tex. Code Crim. Proc. Ann. art. 46B.003(a)
(West 2006). If a trial court has a bona fide doubt about the competence of a defendant, it shall
conduct an informal inquiry to determine if there is evidence that would support a finding of
incompetence to stand trial. Id. art. 46B.004(c); Montoya v. State, 291 S.W.3d 420, 425 (Tex.
Crim. App. 2009). A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or
has a recent history of severe mental illness or at least moderate mental retardation. Montoya,
291 S.W.3d at 425.

The record reflects that appellant has been diagnosed with depression, for which he
has received psychiatric treatment. Appellant testified that his methamphetamine use was a form
of self-medication for his depression. Appellant also refers us to a letter from a counselor who has
treated appellant, introduced in evidence at the adjudication hearing, stating that appellant's chemical
dependency problems "are secondary to his psychiatric problems" and that any drug treatment
program "that does not address the psychiatric issues will be unproductive." In determining to return
appellant to community supervision, the trial court stated "we will take you up on your request to
get out and see if you can get yourself committed to a long term rehabilitation program for drugs and
for alcohol as well as for mental illness."

The record contains a copy of a psychological report prepared by Dr. Eugene Waters 
following an evaluation of appellant, at the request of the community supervision department,
one month before the hearing. The report describes appellant as "bright and articulate,
self-confident, without any overt signs of psychopathology." The report mentions a "depressive
undercurrent . . . that may have contributed to [appellant's] substance abuse." The report also
recommends a drug rehabilitation program "that can provide psychiatric intervention."

A history of depression requiring treatment does not raise an issue of present
incompetence absent evidence of recent severe mental illness or bizarre acts. Id. Appellant does not
cite any such evidence. Our review of the record shows that appellant testified clearly and
articulately at the adjudication hearing. He obviously understood the nature of the proceeding, and
he made an effective case for remaining on community supervision. Appellant's attorney at the
hearing did not mention having any difficulty consulting with him. 

The record is devoid of any evidence that appellant was incompetent at the hearing
below. The trial court did not abuse its discretion by failing to conduct an informal inquiry. The
point of error is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: May 25, 2010

Do Not PublishMay