# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00168-CR

**Paul Douglas Massoth, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 61285, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Paul Douglas Massoth was placed on deferred adjudication community supervision after he pleaded guilty to possessing less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2009). One year later, appellant pleaded true to most of the violations alleged in the State's motion to adjudicate, including use of methamphetamine, failure to report, and failure to pay fees. The court adjudged him guilty, assessed his punishment at two years in state jail, and returned him to community supervision. In a single point of error, appellant contends that the court erred by failing to conduct an informal inquiry into his competence to stand trial. We overrule this contention and affirm the conviction.

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or if he does not have a rational and factual understanding of the proceedings. Tex. Code Crim. Proc. Ann. art. 46B.003(a)

(West 2006). If a trial court has a bona fide doubt about the competence of a defendant, it shall conduct an informal inquiry to determine if there is evidence that would support a finding of incompetence to stand trial. *Id*. art. 46B.004(c); *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation. *Montoya*, 291 S.W.3d at 425.

The record reflects that appellant has been diagnosed with depression, for which he has received psychiatric treatment. Appellant testified that his methamphetamine use was a form of self-medication for his depression. Appellant also refers us to a letter from a counselor who has treated appellant, introduced in evidence at the adjudication hearing, stating that appellant's chemical dependency problems "are secondary to his psychiatric problems" and that any drug treatment program "that does not address the psychiatric issues will be unproductive." In determining to return appellant to community supervision, the trial court stated "we will take you up on your request to get out and see if you can get yourself committed to a long term rehabilitation program for drugs and for alcohol as well as for mental illness."

The record contains a copy of a psychological report prepared by Dr. Eugene Waters following an evaluation of appellant, at the request of the community supervision department, one month before the hearing. The report describes appellant as "bright and articulate, self-confident, without any overt signs of psychopathology." The report mentions a "depressive undercurrent . . . that may have contributed to [appellant's] substance abuse." The report also recommends a drug rehabilitation program "that can provide psychiatric intervention."

2

A history of depression requiring treatment does not raise an issue of present incompetence absent evidence of recent severe mental illness or bizarre acts. *Id*. Appellant does not cite any such evidence. Our review of the record shows that appellant testified clearly and articulately at the adjudication hearing. He obviously understood the nature of the proceeding, and he made an effective case for remaining on community supervision. Appellant's attorney at the hearing did not mention having any difficulty consulting with him.

The record is devoid of any evidence that appellant was incompetent at the hearing below. The trial court did not abuse its discretion by failing to conduct an informal inquiry. The point of error is overruled.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:  May 25, 2010

Do Not PublishMay

3