**Opinion issued February 27, 2014.**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-13-00326-CR

———————————

### JULIO CESAR CASTILLO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 351st District Court
### Harris County, Texas
### Trial Court Case No. 1194971

---

### MEMORANDUM OPINION

A grand jury indicted Julio Castillo for aggravated sexual assault of a child.[1]

After waiving his right to a jury trial, a trial court convicted Castillo of aggravated

sexual assault of a child and sentenced him to 60 years' confinement. In his sole

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013).

issue, Castillo contends the trial court abused its discretion by not making a competency inquiry before finding that he voluntarily waived his right to a jury trial. We affirm.

## Background

After a grand jury indicted Castillo for aggravated sexual assault of a child, the trial court issued an order for psychiatric review, noting that Castillo claimed to hear voices, that he last resided at a Mental Health and Mental Retardation Authority of Harris County (MHMRA) facility, and that he might be a danger to himself. A few weeks later, Castillo's attorney filed a motion for a competency examination and noted that Castillo was taking psychotropic prescription medications and that he still claimed to hear voices. The trial court granted the motion, and an MHMRA doctor evaluated Castillo's competency to stand trial.

The MHMRA doctor reported that Castillo was not competent to stand trial because he was unable to differentiate between guilty and not-guilty pleas, could not engage in a reasoned choice of legal strategies, and was unable to exhibit appropriate courtroom behavior. He also opined that Castillo's competency could be restored.

Castillo was committed to the Vernon Campus of North Texas State Hospital for competency restoration. After his hospitalization, Castillo returned to Harris County where a doctor reviewed his competency and concluded that

Castillo remained incompetent to stand trial. Following this determination, the trial court twice recommitted Castillo to state psychiatric hospitals to regain his competency.

After more than two years of treatment, multiple doctor evaluations, and three hospital stays, a MHMRA hospital doctor re-evaluated Castillo's condition. He determined that Castillo had a "well-established pattern of malingering," that he exaggerated or fabricated psychiatric symptoms, and that he was competent to stand trial.

Based on the doctor's medical evaluation, the trial court signed an order finding that both parties agreed that Castillo was competent to stand trial. Before trial, Castillo provided oral and written waivers of his right to a trial by jury. The trial court found Castillo guilty of aggravated assault of a child less than 14 years of age and sentenced him to 60 years' confinement.

Castillo timely appealed.

**Competency Inquiry**

Castillo contends that his behavior at a pretrial hearing presented "new evidence" that he was incompetent to stand trial and that the trial court abused its discretion "by failing to make a new inquiry into his competency to waive his right to a jury and to stand trial." The State responds that a competency inquiry was

unnecessary because there was "overwhelming evidence" that Castillo was malingering.

## A.     Standard of review

We review a trial court's decision not to conduct an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009). We will not substitute our judgment for that of the trial court; we will uphold the trial court's decision unless it was arbitrary or unreasonable. *Id.*; *see also McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003) (stating trial court's factual findings "are entitled to great deference by the reviewing court.").

## B.     The trial court had no duty to conduct an informal competency inquiry

Castillo complains that the trial court should have conducted an informal competency inquiry because his behavior was "simply too bizarre" in waiving his right to a jury trial.

A trial court has a duty to conduct an informal inquiry into a defendant's competency when "any credible source" suggests the defendant may be incompetent. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2013).[2] To overcome the presumption that a defendant is competent, his incompetence

---

[2] Castillo mistakenly relies upon a previously enacted version of this statute that required the trial court to "have a bona fide doubt about the competency of the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2013) (noting bona fide doubt no longer required to warrant informal competency inquiry).

must be proven by the preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A defendant is incompetent when he lacks (1) the ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational and factual understanding of the proceedings against him. *Id*. art. 46B.003(a)(1)–(2); *Montoya*, 291 S.W.3d at 425. Any credible source may suggest that the defendant is incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1). When there is a suggestion that the defendant is incompetent to stand trial, the trial court must conduct an informal inquiry to determine whether evidence exists that would support a finding of incompetence. *Id*. art. 46B.004(c); *see also Montoya*, 291 S.W.3d at 425 (noting that formal hearing not required to determine defendant's competency to stand trial). If the trial court determines that there is evidence to support an incompetency finding, the court must stay proceedings in the case. TEX. CODE CRIM. PROC. ANN. art. 46B.004(d).

Castillo argues that his behavior should have triggered a competency inquiry because after signing a written waiver of his right to a jury trial, he initially "alarmingly" responded "yes, sir" when the trial court asked him whether anyone had "forced [him] to do this or threatened [him] in any way to make [him waive his rights]." When the trial court asked again whether anyone had threatened to harm or hurt him, Castillo replied "no." Castillo argues that this behavior signaled his

incompetency. He argues that the trial court should have held a competency hearing because the trial court knew of his past incompetence and because the court's legal terminology confused him.

We first consider whether Castillo was unable to consult with his lawyer with a reasonable degree of rational understanding, which is the first of two bases for finding incompetency. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(1). The record shows that after Castillo's initial answer, the trial court asked him a series of questions to determine whether he voluntarily waived his rights. In response to these questions, Castillo answered that no one had threatened to harm or injure him. Castillo was not only able to confer with his attorney, but he also discussed with his attorney his decision to waive his right to a jury trial. Additionally, Castillo's attorney did not complain that he was unable to communicate with his client. We conclude that Castillo's momentary confusion about the legal proceedings did not trigger the need for a competency inquiry. *Cf. Montoya*, 291 S.W.3d at 426 (holding "isolated instances of momentary confusion" were insufficient to require a competency inquiry).

Second, we consider whether Castillo lacked a rational and factual understanding of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(2). The trial court's knowledge of a defendant's past mental health issues, alone, does not require a hearing. *See Montoya*, 291 S.W.3d at 425. There

must also be evidence of recent "severe" mental illness or bizarre acts by the defendant. *Id.* (stating that defendant must demonstrate "truly bizarre behavior or . . . recent history of severe mental illness or at least moderate mental retardation.").

Before trial, Castillo received a psychiatric evaluation and the reviewing doctor determined that Castillo was competent to stand trial. The trial court took judicial notice of the clerk's file, including Castillo's mental health history and past incompetency determinations. Nothing in the record demonstrates that any credible source suggested Castillo was incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(a). In its order affirming Castillo's competency, the trial court noted that both the State and Castillo's attorney agreed that Castillo was fit for trial. After reviewing Castillo's file, the trial court found that Castillo was competent to waive his right to a jury trial and that he did so intelligently and voluntarily. We defer to the trial court's determination that Castillo had a rational and factual understanding of the proceedings against him.

Based on this record, it was neither arbitrary nor unreasonable for the trial court to find that Castillo was competent to stand trial. Accordingly, we conclude that the trial court did not abuse its discretion by not conducting an informal inquiry regarding Castillo's competency. *See McDaniel v. State*, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003) ("We cannot ignore the trial court's first-hand factual

7

assessment of appellant's mental competency. His factual findings, that appellant understood the nature of the proceedings and assisted his counsel in his defense, are entitled to great deference by the reviewing court.") (citation omitted).

We overrule Castillo's sole issue.

## Conclusion

We affirm.


Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do Not Publish. TEX. R. APP. P. 47.2(b).