

## NUMBERS 13-14-00485-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **WILLIAM ANDERSON,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion by Justice Perkes

After appellant William Anderson pleaded guilty to aggravated assault, a second degree felony, the trial court deferred a finding of guilt and placed appellant on deferred-adjudication community supervision for a period of three years. *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2015 R.S.). The State subsequently filed a motion to revoke appellant's unadjudicated community supervision, alleging multiple violations

of the terms and conditions of his community supervision. After appellant pleaded true to various violations, the trial court found him guilty of aggravated assault and sentenced him to three years' confinement in the Texas Department of Criminal Justice—Institutional Division. By one issue, appellant argues "the trial court abused its discretion when appellant's competency was made an issue by the defense and the court failed to [sua sponte] investigate appellant's competence or make any finding on competence before proceeding." We affirm.

## I. BACKGROUND

After appellant was indicted for aggravated assault, his trial counsel filed a motion suggesting incompetency and requesting an examination. Pursuant to counsel's motion, the trial court ordered an examination of appellant's competency to stand trial and to participate in his own defense. A licensed psychologist evaluated appellant and found him to be competent. The psychologist, however, did note appellant's prior history of mental health treatment which included diagnosis of post-traumatic-stress-disorder and psychotic disorder. Appellant pleaded guilty, and was sentenced to community supervision.

The State later moved to revoke appellant's community supervision, alleging that appellant committed an offense of violating a protective order, failed to report as ordered, and failed to pay certain financial obligations. During the revocation hearing, the trial court asked appellant whether he was the same person who was previously charged with aggravated assault. Appellant answered affirmatively. Appellant also acknowledged that he understood his rights and that a finding of the violations of his terms of community

2

supervision could be punishable by a sentence of up to twenty years' imprisonment. Appellant pleaded "true" to the failure to report and arrearage allegations, but pleaded "not true" to the allegation that he violated a protective order. When questioned by the trial court about the protective order violation, appellant claimed that he did not remember committing the violation. He also claimed that the violation was based upon a "mistaken ID" and asserted that he was "actually not in that area that I know of . . . ." In response, the State introduced a judgment showing that appellant previously pleaded guilty to violating the protective order and was sentenced to twenty days in state jail.

During closing argument, defense counsel generally discussed appellant's mental competency including his post-traumatic stress disorder; however, he acknowledged that appellant was previously found to be competent. Although defense counsel stated that appellant had been "hospitalized on a couple of occasions at Vernon State Hospital and Austin State Hospital," he did not request any further competency examination. Rather, he merely asserted that appellant's mental health issue may affect his memory and behavior and requested treatment for his condition. Defense counsel did not assert appellant was uncooperative or unable to understand the State's allegations. Defense counsel did not file a motion for new trial or other post-judgment motion challenging his competency to stand trial.

## II. DISCUSSION

### A. Standard of Review

We review a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426

3

(Tex. Crim. App. 2009), *superseded by statute as stated in Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). A trial court's first-hand factual assessment of a defendant's competency is entitled to great deference on appeal. *Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West, Westlaw through 2015 R.S.).

## B. Applicable Law

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner,* 422 S.W.3d at 688. And "[t]his constitutional right cannot be waived by the incompetent–by guilty plea or otherwise." *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir.1990) (internal quotations omitted). "[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense, may not be subjected to trial." *Turner*, 422 S.W.3d at 688–89 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). Thus, a defendant is incompetent to stand trial if he does not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational, as well as factual, understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

Any "suggestion" of incompetency to stand trial calls for an "informal inquiry" to determine whether evidence exists to justify a formal competency trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West, Westlaw through 2015 R.S.) ("On suggestion

4

that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial."). Either party may suggest by motion, or a trial court may suggest on its own motion, that a defendant may be incompetent to stand trial. *Id.* art. 46B.004(a). A suggestion of incompetence "may consist solely of a representation from any credible source." *Id.* art. 46B.004(c–1). "A further evidentiary showing is not required to initiate the inquiry, and [a] court is not required to have a bona fide doubt about the competency of [a] defendant." *Id.*

"Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." *Id.* The factors include whether the defendant can: "(A) rationally understand the charges against [him] and the potential consequences of the pending criminal proceedings; (B) disclose to counsel pertinent facts, events, and states of mind; (C) engage in a reasoned choice of legal strategies and options; (D) understand the adversarial nature of criminal proceedings; (E) exhibit appropriate courtroom behavior; and (F) testify." *Id.* art. 46B.024(1) (West, Westlaw through 2015 R.S.).

## C. Analysis

Appellant argues that the record demonstrates his competency had deteriorated between his first competency investigation and the revocation hearing. He points to two hospitalizations which allegedly occurred after the competency investigation. Appellant further asserts that he was non-responsive to the trial court's questions at the revocation

hearing because he did not remember basic facts about his life and did not know in which jurisdiction the alleged violations occurred. Appellant also references his military history and diagnosis of post-traumatic stress disorder as evidence to question his competency. We disagree.

Prior to accepting appellant's pleas of true, the trial court advised appellant of his right to have the motion to revoke read out loud in court; his right to confront and cross-examine State witnesses; his right to bring his own witnesses before the court; his right to remain silent; and his right to waive these rights. The record shows that appellant expressly represented to the trial court that he understood his rights and the possible consequences of pleading "true" to any of the State's allegations. *See Robins v. State*, No. 01–14–00582–CR, 2016 WL 1162884, at *5 (Tex. App.—Houston [1st Dist.] Mar. 24, 2016, no pet.) (mem. op., not designated for publication) (noting appellant himself answered "true" to enhancement allegations). Moreover, appellant's responses to the trial court were lucid, intelligent, respectful, and showed an active and engaging participation in the hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.024(1).

Regarding his hospitalizations, appellant explained to the trial court that he went to Veteran's Hospital in Houston and provided approximate dates of his visit. Although appellant suffered from mental health issues in the past, there was no evidence suggesting that he may have been incompetent in the legal sense. *See Horan v. State*, No. 08–07–00222–CR, 2009 WL 2951918, at *5 (Tex. App.—El Paso Sept. 16, 2009, no pet.) (noting essential distinction between impairment and incompetence). Nothing in the record suggests that appellant lacked "sufficient present ability to consult with his

6

lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against [him]." *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

Based on the record, the trial court could have reasonably concluded that appellant was competent to stand trial. Accordingly, we hold that the trial court did not abuse its discretion in not sua sponte conducting an informal inquiry regarding appellant's competency to stand trial and in not making any further finding on competence before proceeding. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of June, 2016.