# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00013-CR

---

**Exavier Ruffin, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 76354, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Exavier Ruffin of the offense of assault by strangulation on a family member or person with whom he had a dating relationship, a third degree felony. *See* Tex. Penal Code § 22.01(b)(2)(b). The trial court accepted the jury's verdict and sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice. *See id.* § 12.34 (setting punishment range for third degree felony of "not more than 10 years or less than 2 years"). On appeal, appellant challenges the trial court's judgment restoring competency and argues that he was deprived of his right to testify on his own behalf. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. 1, § 10; Tex. Code Crim. Proc. art. 38.08. For the following reasons, we affirm the judgment of conviction.

## Background

Appellant was indicted for committing the offense of assault on a family member or person with whom he had a dating relationship on or about September 10, 2016, "by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the said [victim] by applying pressure to the throat or neck and/or blocking the nose or mouth of the said [victim]." The victim was appellant's fiancée at the time.

In November 2016, the trial court signed an order appointing a disinterested expert to determine appellant's competency to stand trial. During a hearing in February 2017, the trial court took judicial notice of a report from the Austin State Hospital that opined that appellant was competent to stand trial. The parties did not object to the trial court taking judicial notice of the report, and the trial court signed an agreed judgment that appellant was "now competent to stand trial." Appellant's attorney and the assistant district attorney signed the February 2017 judgment restoring competency under a heading titled "Agreed."

The trial occurred in October 2017. The jury heard evidence that appellant assaulted his fiancée, including hitting her in the face multiple times with his fists and "choking" her with his hands, at a hotel room on September 10, 2016, because he believed that she had been unfaithful to him. The State's witnesses included responding and investigating police officers; a forensic nurse, who examined the victim and testified about the victim's "numerous injuries"; appellant's stepfather, who testified about his observations and interactions with appellant and the victim shortly after the assault; and the victim, who testified about her relationship with appellant and described in detail what happened. The victim testified that: (i) appellant hit her in the face multiple times; (ii) he "put both hands around [her] throat and started choking [her]"; (iii) he "grabbed his belt and put it around [her] throat"; (iv) she felt like

2

she "couldn't breathe" and, when she tried to say "stop," she "couldn't because he was choking [her]"; (v) she thought "he was going to kill [her]"; and (vi) appellant continued to threaten and hit her after they left the hotel room and drove to the home of appellant's mother and stepfather.[1] The stepfather, who worked in law enforcement, testified that, after observing the victim's condition at his home, he called the police.[2] An ambulance transported the victim to the hospital from the home. The State's exhibits included photographs of the victim showing her injuries from the assault, including bruising on her neck.

The defense theories were that the victim had violated her employer's policy by dating appellant, who was a patient receiving mental health treatment at the hospital where she worked, and that she had agreed to engage in "rough sex" with appellant that led to her injuries. In cross-examination, the victim admitted that she had had rough sex with appellant during their relationship. The evidence also showed that appellant and the victim met at a hospital where he was a patient and she was an employee. The defense called appellant, but he was asked only to state his name and then passed to the State for questioning. The State did not ask appellant any questions.

The jury found appellant guilty, and the sentencing phase of the trial was to the court. In the sentencing phase, the State called the victim, who testified about her physical and

---

[1] The victim testified that, during the drive to appellant's parents' house, she thought they were going to a lake and that appellant told her that "he had been planning this for two months, and that if [he] kill[s] her now, [her] body won't wash up until the next three days, they won't find [her] until three days later." When she heard appellant's threats, the victim testified that she was "scared" and "didn't want to die."

[2] The stepfather testified: "When my son and his girlfriend, when I saw her face, that's when I said okay, this is getting crazy. I told him, you know where I work at. Given where I work at, I have to call the police. He understood that and the police came, I wrote a statement of what I saw on [the victim]. Her face was swollen and she had a black eye."

emotional injuries from the assault, and the defense witness was appellant's mother, who testified that she had warned the victim "in the thousands" not to contact appellant during his hospitalization. The trial court also questioned appellant's mother about appellant's past, including his criminal and employment histories. At the conclusion of the evidence, the trial court sentenced appellant to ten years' confinement. *See* Tex. Penal Code § 12.34. This appeal followed.

## Analysis

### Judgment Restoring Competency

In his first issue, appellant challenges the trial court's February 2017 judgment restoring competency. We review the trial court's determination regarding appellant's competency for an abuse of discretion. *See Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692 n.32 (Tex. Crim. App. 2013) (conducting review of trial court's competency determination under abuse-of-discretion standard); *Ahere v. State*, No. 05-17-00737-CR, 2018 Tex. App. LEXIS 9870, at *6 (Tex. App.—Dallas Dec. 3, 2018, no pet.) (mem. op., not designated for publication) ("We review issues involving competency determinations for an abuse of discretion." (citing *Montoya*, 291 S.W.3d at 426)); *Johnson v. State*, No. 11-11-00167-CR, 2013 Tex. App. LEXIS 5149, at *6–7 (Tex. App.—Eastland Apr. 25, 2013, no pet.) (mem. op., not designated for publication) (same). Under this standard, we do not substitute our judgment for that of the trial court but determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426.

Appellant argues that "[t]he trial court abused its discretion in restoring him to competency to stand trial because there was no evidence upon which to base the judgment finding [him] to be restored to competency." Appellant argues that the "purported report concerning Appellant was not in the [trial] court's file and is not in this record." Appellant also cites testimony during trial about his "bizarre behavior" "to raise a question about his competency at the time of trial." Appellant, however, did not object to the report from the Austin State Hospital at the February 2017 hearing or contest his competency during trial. *See* Tex. Code Crim. Proc. art. 46B.084 (requiring party to object to findings in report within fifteen days of applicable notice); *see also generally id.* arts. 46B.071–.084 (addressing procedures after determination of incompetency).[3] During the February 2017 hearing, the trial court took judicial notice of the report without objection. *See* Tex. R. Evid. 201.

Further, a copy of the report is contained in the supplemental clerk's record, and the report reflects that it was on file under seal with the trial court on the day that the trial court held the hearing for purposes of restoration. The report, which is signed by a psychiatrist, a psychologist, and the hospital's superintendent, references appellant's referral to the Austin State Hospital in December 2016 for treatment to regain competency to stand trial, describes appellant's treatment at the hospital, and contains the opinion that appellant was "currently competent to stand trial."[4] *See* Tex. Code Crim. Proc. art. 46B.079 (addressing required notice

---

[3] Amendments to the cited statutes, effective September 1, 2017, do not apply to this case. *See* Act of June 12, 2017, 85th Leg., R.S., ch. 748, §§ 11–27, 2017 Tex. Gen. Laws 3183, 3188–95.

[4] The agreed judgment refers to the Vernon State Hospital, but the report reflects that appellant received treatment at the Austin State Hospital.

and report to court).[5] We conclude that the trial court did not abuse its discretion when it considered and relied on this report in its determination that appellant was competent to stand trial. *See id.* art. 46B.084 (addressing proceedings on return of defendant to court);[6] *Johnson*, 2013 Tex. App. LEXIS 5149, at *5, 8 (concluding that trial court was within its discretion to base its determination of competency solely on report that concluded defendant "had attained competency to stand trial" when State and defendant did not object to report). We overrule appellant's first issue.

**Right To Testify**

In his second issue, appellant argues that he was deprived of his right to testify on his own behalf because his attorney only asked him to state his name before passing appellant to the State for questioning. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. 1, § 10; Tex. Code Crim. Proc. art. 38.08 ("Any defendant in a criminal action shall be permitted to testify in his own behalf therein . . . .").

After the State rested and out of the jury's presence, the trial court advised appellant that it was his choice whether to testify. Appellant's attorneys recommended that he not testify. One of the attorneys explained that his advice "remained unchanged" that appellant

---

[5] Prior to the amendments that were effective on September 1, 2017, article 46B.079 required the "head of the facility" to provide notice and the report to the trial court. *See* 2017 Tex. Gen. Laws at 3192–93.

[6] Prior to the amendments that were effective on September 1, 2017, article 46B.084 provided that the trial court could make the determination based on a report filed under article 46B.079 and "on other medical information or personal history information relating to the defendant." *See id.* at 3194–95. After the amendment, article 46B.084 reads: "The Court may make the determination [with regard to the defendant's competency to stand trial] based only on the most recent report that is filed under Article 46B.079 . . . and on other medical information or personal history information relating to the defendant." *See id.* (current version at Tex. Code Crim. Proc. art. 46B.084(a-1)(1)).

6

should not testify because "[t]here [was] no scenario where [appellant]'s testimony aids his defense. This cannot end well for him. He is out of his mind if he wants to testify today. I will not call him as a witness." When the trial court then questioned appellant about whether he had decided if he wanted to testify, appellant answered, "Not at this time. I would like to say after they finish with everything and then make a decision since I would be the last one to take the stand." In response, the trial court advised appellant that he could "figure out what you want to do," including to disregard his attorneys' advice if he wanted. Following this exchange, the jury was called back, and the defense recalled the victim. After the victim's testimony, the defense called appellant, but his attorney asked appellant only to state his name, and the State did not ask him any questions.

A criminal defendant has the right to testify in his own defense. *Rock v. Arkansas*, 483 U.S. 44, 52 (1987); *Johnson v. State*, 169 S.W.3d 223, 236 (Tex. Crim. App. 2005). He likewise has "the ultimate authority" in determining whether to testify on his own behalf. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). When a defendant has been deprived of the right to testify by his attorney, "the usual *Strickland* prejudice analysis applies: the defendant must show a reasonable probability that the outcome of the proceeding would have been different had his attorney not precluded him from testifying." *Johnson*, 169 S.W.3d at 238; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring appellant to show prejudice from counsel's deficient performance); *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013) (requiring appellant to show existence of reasonable probability that result of proceeding would have been different absent counsel's deficient performance); *Thompson v. State*, Nos. 02-18-00230-CR, 02-18-00231-CR, 02-18-00232-CR, 2019 Tex. App. LEXIS 1782, at *9–10 (Tex. App.—Fort Worth Mar. 7, 2019, pet. ref'd) (mem. op., not designated for publication)

7

(explaining that, "since *Johnson*, Texas law has required that a defendant's complaint that his right to testify was denied by his counsel be reviewed under an ineffective-assistance-of-counsel framework").

In this case, appellant's attorneys advised appellant not to testify. One of his attorneys explained that "[t]here [was] no scenario where [appellant]'s testimony aids his defense." The record is silent as to how the attorneys' advice impacted appellant's desire to testify. *See Thompson*, 2019 Tex. App. LEXIS 1782, at *14–15 (observing that "record [was] silent as to how the advice and actions of his counsel impacted Appellant's desire or ability to testify, i.e., whether it was part of an agreed trial strategy, or a strategy pursued in disregard of Appellant's wishes" and collecting cases for principle that "record silent on the question of whether counsel's actions frustrated a defendant's right to testify makes it impossible to resolve Appellant's claim on direct appeal"). When the trial court asked him if he had decided about testifying and appellant's attorneys stated that they had advised him not to do so, appellant represented to the court that he had not decided if he wanted to testify. Thus, it is not clear from the record that appellant's attorneys deprived him of his right to testify.

Further, appellant has not provided the substance of his anticipated testimony. *See id.* at *16–17 (concluding that defendant had failed to demonstrate *Strickland* prejudice prong "because he presents no argument or citations to the record to support what he would have testified about, or that had he testified, the outcome would have been different"); *Dukes v. State*, 486 S.W.3d 170, 182 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("[A] claim that trial counsel deprived the defendant of his right to testify must be supported by evidence in the record that the defendant would have testified, and of what the defendant would have said."); *Carballo v. State*, 303 S.W.3d 742, 751 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (observing that

8

"record does not contain the substance of the testimony that appellant claims he would have given" and concluding that "appellant has not shown that there is a reasonable probability that the result of the punishment proceeding would have been different had he been permitted to testify about the events surrounding the offense").

Thus, even if we assume that appellant's attorneys deprived appellant of his right to testify, we conclude that appellant has not shown a reasonable probability that the outcome of the proceeding would have been different had his attorneys not precluded him from testifying. *See Johnson*, 169 S.W.3d at 238; *Dukes*, 486 S.W.3d at 182; *Carballo*, 303 S.W.3d at 751. We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   September 4, 2019

Do Not Publish

9